Present:  Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and Agee, JJ., and Compton, S.J.

RICHARD J. ELLIOTT

v.  Record No. 003014

COMMONWEALTH OF VIRGINIA


JONATHAN O'MARA

v.  Record No. 010038                          OPINION BY
                                      JUSTICE DONALD W. LEMONS
COMMONWEALTH OF VIRGINIA                    MARCH 5, 2004

        ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES


     On remand from the Supreme Court of the United States, we consider the proper construction of the prima facie evidence provision of Code § 18.2-423 and the severability of the provision from the core provisions of the statute. Additionally, we consider whether the convictions of the defendants should be vacated and dismissed, vacated with the opportunity for the Commonwealth to retry the defendants, or whether the convictions should be affirmed.

                I.  Facts and Proceedings Below

     On the night of May 2, 1998, Richard J. Elliott, ("Elliott") and Jonathan S. O'Mara ("O'Mara") erected a cross in the yard of James S. Jubliee, Elliott's next-door neighbor, and attempted to ignite it.  According to the record, Elliott conceived of the cross burning as revenge against Jubliee

because Jubliee had complained to Elliott's mother about gunfire in Elliott's backyard. Elliott convinced two friends, O'Mara and David Targee, to aid him in the burning.

The Commonwealth prosecuted Elliott and O'Mara for attempted cross burning and conspiracy to commit cross burning under Code §§ 18.2-423, 18.2-16, and 18.2-22. O'Mara pled guilty to attempted cross burning and conspiracy to commit cross burning but conditioned his plea upon the reservation of his right to challenge the constitutionality of Code § 18.2-423 on appeal. Elliott chose to be tried by a jury. The trial court instructed the jury that in order to find Elliott guilty of attempted cross burning, "The Commonwealth must prove beyond a reasonable doubt . . . [t]hat the defendant had the intent of intimidating any person or group of persons." No instruction based upon the prima facie evidence provision of Code § 18.2-423 was given. A jury found Elliott guilty of attempted cross burning but acquitted him of conspiracy to commit cross burning.

In Black v. Commonwealth, 262 Va. 764, 553 S.E.2d 738 (2001), an appeal consolidating the Elliott and O'Mara cases with a third case involving Barry E. Black ("Black"), who was charged under § 18.2-423 for burning a cross at a Ku Klux Klan rally, we held that § 18.2-423 was facially invalid as selective regulation of speech based upon content. Our ruling

was premised upon the language of the statute and our interpretation of the United States Supreme Court's ruling in R.A.V. v. City of St. Paul, 505 U.S. 377 (1992).  We held that the statute was underinclusive, because it singled out "a particular form of intimidating symbolic speech" for punishment while leaving other forms unregulated.  Black v. Commonwealth, 262 Va. at 773-76, 553 S.E.2d at 743-45.  Additionally, we held that the language of the prima facie evidence provision of the statute was overbroad because of its chilling effect upon the exercise of free speech under the First Amendment.  Id. at 777-78, 553 S.E.2d at 746.

The Commonwealth appealed our decision to the United States Supreme Court.  In a plurality opinion authored by Justice O'Connor, the Supreme Court held that the Commonwealth may engage in content discrimination "[w]hen the basis for the content discrimination consists entirely of the very reason the entire class of speech at issue is proscribable." Virginia v. Black, 538 U.S. 343, 361 (2003).  Thus, the Commonwealth may prohibit cross burning with intent to intimidate, even though it fails to prohibit the burning of other objects, because cross burning is significantly more likely to intimidate.  Id. at 363.

Although it concluded that the core provisions of Code § 18.2-423 were constitutional, the Supreme Court held that

3

the prima facie evidence provision of the statute was unconstitutional because it "strips away the very reason why a State may ban cross burning" – the intent to intimidate. Id. at 365. Using the language of the jury instruction given in the case involving Black as the interpretation of the prima facie evidence provision, the Supreme Court held that the provision "as interpreted by the jury instruction" was unconstitutionally overbroad. Id. at 364.

The Supreme Court vacated the judgment in Black v. Commonwealth, dismissed the case against Black, and remanded the Elliott and O'Mara cases to this Court to determine whether the jury instruction given in Black's trial was the proper interpretation of the prima facie evidence provision, whether the prima facie evidence provision could be severed from the statute if a constitutional interpretation could not be found, and the proper disposition of the cases against Elliott and O'Mara. Virginia v. Black, 538 U.S. at 367-68.

II.  Analysis

A.  Constitutionality of the
Prima Facie Evidence Provision

Code § 18.2-423, in effect at the time defendants committed the offenses, provided:

> It shall be unlawful for any person or persons, with the intent of intimidating any person or group of persons, to burn or cause to

4

> be burned, a cross on the property of another,
> a highway or other public place . . .
>     Any such burning of a cross shall be prima
> facie evidence of an intent to intimidate a
> person or group of persons.

A violation of this section is punishable as a Class 6 felony.

In Black v. Commonwealth, we held that the prima facie evidence provision "sweeps within its ambit for arrest and prosecution, both protected and unprotected speech."  262 Va. at 778, 553 S.E.2d at 746.  We based our holding directly on the language of the statute, not the language of the jury instruction used at Black's trial, because the statute itself was the common thread among the three procedurally and factually distinct cases.

Although the Commonwealth suggests an alternate interpretation for the prima facie evidence provision,[*] we hold that the instruction given at Black's trial properly interprets the prima facie evidence provision of Code § 18.2-423.  The instruction provided:  "The burning of a cross, by itself, is sufficient evidence from which you may infer the required intent."  Of course, no one jury instruction contains all of the applicable law in a given case.  The law applicable to the case is contained in multiple instructions which, taken

_____

[*] The Commonwealth argues that adding a statement to the instruction explaining to the jury that prima facie evidence is rebuttable would properly interpret the statute and remove all concerns regarding constitutionality.

collectively, give proper guidance to the jury.  See Van Duyn
v. Matthews, 181 Va. 256, 261, 24 S.E.2d 442, 444 (1943);
Adamson v. Norfolk & Portsmouth Traction Co., 111 Va. 556,
561, 69 S.E. 1055, 1058 (1911).

The subject instruction must be read in context with the
general instructions given in virtually every criminal jury
trial in Virginia concerning reasonable doubt, presumption of
innocence, and the credibility of witnesses.  These additional
instructions reflect general principles of criminal law and
procedure including that the defendant is not required to
produce any evidence, that the Commonwealth bears the burden
of proof beyond a reasonable doubt on every element of the
offense, that the jury must give impartial consideration to
all the evidence presented, and that the jury must weigh the
credibility of witnesses but may not arbitrarily disregard
believable testimony.  Taken in context of the other
instructions, the subject instruction concerning the prima
facie evidence provision of Code § 18.2-423 properly
interprets the provision, but it does not save the provision
from unconstitutionality.

In Black v. Commonwealth, 262 Va. at 777-78, 553 S.E.2d
at 745-46, we held that the statutory provision concerning
prima facie evidence of intent to intimidate affects both

6

protected and unprotected speech, and consequently, is

overbroad.  The plurality in Virginia v. Black agreed:

> The prima facie evidence provision permits a
> jury to convict in every cross-burning case in
> which defendants exercise their constitutional
> right not to put on a defense.  And even where
> a defendant like Black presents a defense, the
> prima facie evidence provision makes it more
> likely that the jury will find an intent to
> intimidate regardless of the particular facts
> of the case.  The provision permits the
> Commonwealth to arrest, prosecute, and convict
> a person based solely on the fact of cross
> burning itself.
>
> It is apparent that the provision as so
> interpreted " 'would create an unacceptable
> risk of the suppression of ideas.' "  The act
> of burning a cross may mean that a person is
> engaging in constitutionally proscribable
> intimidation.  But that same act may mean only
> that the person is engaged in core political
> speech.  The prima facie evidence provision in
> this statute blurs the line between these two
> meanings of a burning cross.  As interpreted by
> the jury instruction, the provision chills
> constitutionally protected political speech
> because of the possibility that a State will
> prosecute – and potentially convict – somebody
> engaging only in lawful political speech at the
> core of what the First Amendment is designed to
> protect.

538 U.S. at 365 (citations omitted).  The plurality opinion in

Virginia v. Black properly noted that we "had the opportunity

to expressly disavow the jury instruction."  538 U.S. at 364.

We did not disavow it then and we do not accept the invitation

to do so now.  Accordingly, we affirm our prior holding that

7

the prima facie evidence provision of Code § 18.2-423 is overbroad.

## B. Severability of the Prima Facie Evidence Provision

Elliott and O'Mara have argued that the unconstitutional prima facie evidence provision cannot be severed from the remainder of the statute and that, even if it is otherwise possible to sever the prima facie evidence provision, the procedural history of these cases prevents us from severing the provision on remand. We reject both arguments.

### 1. Severability

Code § 1-17.1, first enacted in 1986, provides that "[t]he provisions of all statutes are severable unless (i) the statute specifically provides that its provisions are not severable; or (ii) it is apparent that two or more statutes or provisions must operate in accord with one another." Prior to the enactment of this statute, "[a]bsent a severability provision, a legislative act [was] presumed to be non-severable." Board of Sup. of James City County v. Rowe, 216 Va. 128, 147, 216 S.E.2d 199, 214 (1975). Code § 1-17.1 changed that rule and provided a rule of construction for the courts to apply to interpret even statutes passed prior to 1986. If the General Assembly intended for § 1-17.1 to apply only to statutes passed after 1986, it could have included

8

such language in the section.  Instead, the statute refers broadly to "[t]he provisions of statutes in this Code," without reference to dates of enactment.

Code § 18.2-423 does not fall within either of the exceptions to the rule of severability established in § 1-17.1.  The cross burning statute does not contain language stating that its parts are not severable, nor is the prima facie evidence provision necessary to the operation of the remainder of the statute.  The fact that the provision is not inextricably intertwined with the rest of the statute is illustrated by the fact that the cross burning statute, now codified at § 18.2-423, existed for 16 years, from 1952 to 1968, without the prima facie evidence provision.  See Code § 18.1-365 (Supp. 1968).  The statute was and can be effective now in punishing intimidation without the prima facie evidence provision.  Therefore, we hold that the prima facie evidence provision is severable.

2.  Waiver of Severability

Elliott and O'Mara argue in this proceeding that the Commonwealth waived the issue of severability by failing to raise it prior to the appeal to the United States Supreme Court.  We disagree.

First, it would be incongruous to place the burden of raising severability on the Commonwealth in this case when

neither Elliott nor O'Mara relied specifically on the unconstitutionality of the prima facie evidence provision prior to the Commonwealth's appeal to the United States Supreme Court. The Commonwealth properly responded to the arguments raised by Elliott and O'Mara in their briefs to this Court, which revolved around the unconstitutionality of banning cross burning as a general matter.

A more elemental flaw in the waiver argument advanced by Elliott and O'Mara is that it presumes that severability is an issue that must be raised by one of the parties. Severability, as codified in § 1-17.1, is a rule for judicial construction of statutes. As such, the possibility of severance cannot be waived by a party to a suit by failure to raise it. Rather, it is the duty of the Court, faced with a constitutional challenge to a statute, to consider sua sponte whether an invalid portion of a statute may be severed to permit the continued operation of the constitutional portion of the statute. The Court cannot be forced to accept a flawed construction of a statute or prevented from saving a statute from invalidity simply because of an oversight or tactical decision by one or both of the parties. For these reasons, we hold that the prima facie evidence provision of Code § 18.2-423 is severable from the remainder of the statute.

C. Application of the Brandenburg Standard

10

Because we held that Code § 18.2-423 was unconstitutional for other reasons in Black v. Commonwealth, we found it unnecessary to address challenges to the constitutionality of the statute based upon Brandenburg v. Ohio, 395 U.S. 444, (1969). Nonetheless, the parties addressed Brandenburg issues before the United States Supreme Court. The plurality opinion of the United States Supreme Court is silent concerning Brandenburg; however, the language of the opinion precludes any consideration of Brandenburg on remand.

The oft-cited case of Brandenburg v. Ohio involved a Ku Klux Klan rally not unlike the facts presented in Black's case. The United States Supreme Court held that

> the constitutional guarantees of free speech
> and free press do not permit a State to forbid
> or proscribe advocacy of the use of force or of
> law violation except where such advocacy is
> directed to inciting or producing imminent
> lawless action and is likely to incite or
> produce such action.

395 U.S. at 447.

Elliott and O'Mara argue that because we chose not to address Brandenburg challenges in Black v. Commonwealth and the United States Supreme Court plurality opinion in Virginia v. Black is silent concerning Brandenburg, that we should consider such a challenge on remand. We disagree.

Clearly, Brandenburg addresses First Amendment concerns. Equally clearly, the United States Supreme Court plurality

opinion in Virginia v. Black held that "[a] ban on cross burning carried out with the intent to intimidate is fully consistent with our holding in R.A.V. and is proscribable under the First Amendment."  538 U.S. at 363.  With the Brandenburg issues before the Supreme Court of the United States, it is inconceivable that the Court could make such a clear statement about cross burning with the intent to intimidate being "proscribable under the First Amendment" if it had any concerns about failure to meet the Brandenburg tests.

D.  Constitutionality of § 18.2-423
under the Virginia Constitution

In Black v. Commonwealth, 262 Va. at 778 n.10, 553 S.E.2d at 746 n.10, we declined to address claims that Code § 18.2-423 violates Article I, § 12 of the Constitution of Virginia. On remand, quoting Robert v. City of Norfolk, 188 Va. 413, 420, 49 S.E.2d 697, 700 (1948), Elliott and O'Mara argue that the "Constitution of Virginia is broader than that of the United States in providing that – 'any citizen may freely speak, write and publish his sentiments on all subjects.' " Elliott and O'Mara accurately recite the statement from Robert; however, it is dictum.  We take this opportunity to declare that Article I, § 12 of the Constitution of Virginia is coextensive with the free speech provisions of the federal

12

First Amendment.  Consequently, consistent with the plurality

opinion of the United States Supreme Court in Virginia v.

Black, we hold that, after severance of the provision

concerning prima facie evidence of intent, Code § 18.2-423

does not violate the First Amendment or Article I, § 12 of the

Constitution of Virginia.

   E.  Disposition of Elliott and O'Mara's Convictions

   In the trial court, Elliott was tried by a jury; however,

no jury instruction involving the prima facie evidence

provision was given.  In the trial court, O'Mara pled guilty,

reserving his right to challenge the constitutionality of Code

§ 18.2-423 on appeal.  In its remand, the Supreme Court of the

United States "[left] open the possibility that . . . Elliott

and O'Mara could be retried under § 18.2-423."  538 U.S. at

367.  Elliott and O'Mara argue that retrial would violate the

Double Jeopardy Clause of the Fifth Amendment.  It is not

necessary to address their concerns regarding retrial because

we hold that retrial is not required under the procedural

postures of these cases.

   Elliott was convicted by a jury that did not receive an

instruction regarding the prima facie evidence provisions.  He

was convicted by the jury as if the provision was not in the

statute.  He cannot be heard to complain about the

13

unconstitutionality of a provision of the statute, found

severable, that played no part in his trial.

O'Mara's plea agreement in the trial court recites in

part:

> Pursuant to Section 19.2-254 of the Code of
> Virginia, the Commonwealth consents to allowing
> the defendant to plead guilty to both charges,
> conditioned upon the reservation of right to
> appeal the ruling . . . regarding the
> constitutionality of Section 18.2-423 of the
> Code of Virginia.  If the defendant prevails at
> the conclusion of the appeal process, he shall
> be allowed to withdraw his plea.

Additionally, a written Stipulation of Facts was signed by

O'Mara, his counsel, and the attorney for the Commonwealth

that stated:

> On May 2, 1998, David Targee had approximately
> fifteen individuals, including Jonathan O'Mara
> and Richard Elliott, at his residence in
> Virginia Beach.  They were all consuming
> alcohol.  Elliott complained to Targee and
> O'Mara about his neighbor and about how he
> wanted to "get back" at him.  It was suggested
> (not by O'Mara) that they burn a cross in
> Elliott's neighbor's yard.  O'Mara and Targee
> agreed, and they all went to Targee's garage
> where a cross was built.  They all got in
> Targee's truck and drove to Munden Point Road
> in Virginia Beach.  Targee was driving, with
> O'Mara in the front passenger seat and Elliott
> in the back seat.  Once there, Elliott handed
> the cross to O'Mara, who also grabbed a can of
> lighter fluid and went outside and placed the
> cross in the yard of Elliott's neighbor.  He
> then poured lighter fluid on the cross, set it
> on fire, and ran back to the car.  Targee drove
> them back to his house.  The next morning,
> Elliott's neighbor, James Jubilee, came out of
> his house and observed the partially burned

14

cross in his yard. He broke the cross and
placed [it] in the garage. He later called the
police.

Lastly, on the form entitled "Questions Asked the Defendant Before the Court Accepts a Plea of Guilty," O'Mara answered "yes" to the written question, "Are you entering the plea of guilty because you are, in fact, guilty of the crime(s) charged?"

On appeal to this Court from the trial court, O'Mara never argued that the prima facie evidence provision of the statute rendered the statute unconstitutional. His claim of unconstitutionality was based upon arguments related to the R.A.V. case and the Brandenburg case. The prima facie evidence provision clearly played no part in his plea agreement and no part in his appeal to this Court. O'Mara has waived any claim of error based upon the unconstitutionality of the prima facie evidence provision. Rule 5:25.

Finally, in our order of August 29, 2003, we directed the parties to address certain issues on remand from the United States Supreme Court. One of those issues concerning the prima facie evidence provision was:

If the final sentence is not amenable to an
interpretation that would render it
constitutional, but it is severable, could
Richard J. Elliott and/or Jonathan O'Mara be
retried under § 18.2-423? More specifically,
should the Court order (a) that Elliott's
and/or O'Mara's convictions stand with no right

15

to retrial, (b) that Elliott's and/or O'Mara's convictions are vacated, but the Commonwealth may retry either or both appellants, or (c) that Elliott and/or O'Mara's convictions are vacated, but the Commonwealth may not retry either or both defendants?

In response, O'Mara only argued that his conviction should be vacated and that he should not be retried. We note that O'Mara does not assert that he has the right to withdraw his guilty plea. Further, we note that O'Mara has not prevailed on any issue he raised on appeal.

## III. Conclusion

For the reasons discussed above, we hold that the prima facie evidence provision of Code § 18.2-423 is unconstitutionally overbroad under the First Amendment and Article I, § 12 of the Constitution of Virginia. We hold that the statute is severable and that the core provisions of the statute that remain do not violate the First Amendment or Article I, § 12 of the Constitution of Virginia. There is no need to order retrials; consequently, the convictions of Richard J. Elliott and Jonathan S. O'Mara will be affirmed.

                                                    <u>Affirmed.</u>