## CIRCUIT COURT OF ALBEMARLE COUNTY

Richard C. Collins

v.

Shoppers' World, L.C., et al.

June 14, 2006

Case No. CL05-10,518

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Demurrer filed by Defendants, Shoppers' World, L.C., Lebo Commercial Properties, Inc., and Charles T. Lebo, which was argued in Court on May 11, 2006. At that time, counsel appeared in order present argument on their memoranda. The court deferred ruling until it could consult the legal authorities cited.

*Allegations and Complaint*
*for Declaratory and Injunctive Relief*

As alleged, Plaintiff is a resident of the City of Charlottesville who in April of 2005, announced his candidacy for Delegate representing the 57th District of Virginia in the House of Delegates of the Virginia General Assembly. Plaintiff engaged in personal campaigning in support of his candidacy, including passing out leaflets and other information.

In May of 2005, Plaintiff went to commercial property located off of U.S. Route 29, between Berkmar Drive and Dominion Drive, commonly known as "Shoppers' World." Plaintiff went to an area adjacent to "Whole Foods" grocery store and offered and gave willing recipients leaflets and campaign literature.

134

Defendant, Charles T. Lebo, confronted Plaintiff and demanded that Plaintiff cease his campaigning activities and leave the "Shoppers' World" property. After Plaintiff refused, Defendant Lebo contacted the Albemarle County Police Department. Defendant Lebo told officers that Plaintiff was distributing leaflets on the property and refused to leave the property upon his request. After Plaintiff refused Defendant Lebo's second demand to leave the property, Plaintiff was arrested for trespassing under § 18.2-119 of the Code of Virginia.

Plaintiff alleges that he exercised his right as a member of the public to come to and be upon the commercial property comprising "Shoppers' World." Plaintiff alleges that Defendants, Lebo Commercial Properties, Inc., and Shoppers' World, L.C., have in the past made areas of "Shoppers' World" available to members of the public for expressive and civic purposes.

Plaintiff asserts that he had a constitutionally protected right to engage in peaceful, nondisruptive political expression at "Shoppers' World" and that Defendants' refusal to allow Plaintiff to engage in such activity violated Plaintiff's right to freedom of speech and of the press guaranteed by Art. I, § 12, of the Virginia Constitution. Plaintiff claims that he desires to remain actively engaged in political and social causes in the future and intends to attempt to distribute leaflets and other literature to persons at shopping centers, including "Shoppers' World."

As a result, Plaintiff seeks a bill for declaratory and injunctive relief, asking the Court to declare that Plaintiff is allowed and entitled to engage in peaceful, nondisruptive political speech and to distribute leaflets as part of such activity at "Shoppers' World" and that Defendants, their agents, and employees are forbidden from interfering with Plaintiff's expressive activity under Art. I, § 12, of the Virginia Constitution.

*Issues Presented*

1. Under the Demurrer, is there a controversy that is justiciable, more specifically where there are adverse claims, based upon present rather than future facts, which are ripe for judicial adjustment?
2. Whether the Commonwealth of Virginia recognizes Plaintiff's alleged constitutional right to engage in political speech on Shoppers' World's private property?
3. Is this case ripe for decision on Demurrer or is an evidentiary hearing necessary to develop additional facts?

*Discussion of Authority*

A. *Justiciability*

Defendants argue that the alleged controversy is based upon future or speculative facts, because Plaintiff is no longer a candidate for political office and that Plaintiff seeks merely an advisory opinion regarding his ability to engage in political speech in the future on "Shoppers' World's" property. Thus, Defendants claim that no actual controversy exists between the parties.

Plaintiff asserts that Defendant Lebo refused to allow Plaintiff to engage in political activity and caused Plaintiff's arrest for trespass. Plaintiff alleges that he intends to pursue his political activities at Defendants' "Shoppers' World." Thus, Plaintiff argues that Defendants' Demurrer to dismiss Plaintiff's claim for lack of subject matter jurisdiction should fail.

In *River Heights Associates v. Batten*, 267 Va. 262, 591 S.E.2d 683 (2004), the Supreme Court analyzed the requirement that there must be a present justiciable controversy ripe for judicial adjustment. The Supreme Court referred to *City of Fairfax v. Shanklin*, 205 Va. 227, 135 S.E.2d 773 (1964), which held that the courts were not vested with authority to render advisory opinions or to answer inquiries which are merely speculative.

In *Shanklin*, a taxpayer sought to have declared invalid provisions of the city zoning ordinance that conferred on the Board of Zoning Appeals authority to issue special permits for the construction of apartments. *Id.* at 228, 135 S.E.2d at 774. The Supreme Court held that no justiciable controversy existed because no specific case regarding apartment usage within the city was involved and because the Board might never again be called upon to act on an application for a special permit for apartments. *Id.* at 231, 135 S.E.2d at 776.

Here, a specific case is involved, Defendants refused to allow Plaintiff to engage in political activity and caused Plaintiff's arrest for trespass, and it places in controversy Plaintiff's alleged constitutional right to use "Shoppers' World" to engage in political speech in the future.

B. *Constitutional Right to Engage in Political Speech on Private Property*

Defendants argue that Plaintiff fails to state a claim because the Commonwealth of Virginia does not recognize Plaintiff's alleged constitutional right to engage in political speech on private property. Defendants assert that no such right exists under the United States Constitution and that Virginia's Supreme Court has stated that Virginia's free speech guarantee is "co-extensive" with the First Amendment of the United

States Constitution. Thus, Defendants claim that Plaintiff has failed to state a claim upon which relief may be granted and Defendants' Demurrer should be sustained.

· Plaintiff argues that the Virginia Constitution guarantees an individual the right to engage in political speech at privately-owned shopping centers which are generally open to the public. Plaintiff asserts that Defendants' invitation to the public and the availability of the property to the public creates a public forum for individuals to engage in political speech and leafleting even though the property is privately owned. Thus, Plaintiff claims that Defendants are· prohibiting him from engaging in constitutionally-protected political speech and that the Defendants' Demurrer should be overruled.

In *Hudgens v. N.L.R.B.*, 424 U.S. 507; 96 S. Ct. 1029, 47 L. Ed. 2d 196 (1976), the U.S. Supreme Court clearly stated that its decision in *Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S. Ct. 2219, 33 L. Ed. 2d 131 (1972), held that the First Amendment of the United States Constitution does not require the owner of a privately-owned shopping center to allow individuals to distribute political materials.

In *Elliott v. Commonwealth*, 267 Va. 464, 473-73, 593 S.E.2d 263, 269 (2004), the Virginia Supreme Court declared that Article I, § 12, of the Virginia Constitution is "coextensive" with the free speech provisions of the First Amendment of the United States Constitution.

In *Pruneyard Shopping Center v. Robins*, 447 U.S. 74, 81, 100 S. Ct. 2035, 2040, 64 L. Ed. 2d 741, 752 (1980) (quoting *Lloyd Corp. v. Tanner*, 407 U.S. 551, 569, 92 S. Ct. 2219, 2229, 33 L. Ed. 2d 131, 143 (1972)), the U.S. Supreme Court stated that "property does not lose its private character merely because the public is generally invited to use it for designated purposes." Moreover, in *Lloyd Corp. v. Tanner*, 407 U.S. 551, 569, 92 S. Ct. 2219, 2229, 33 L. Ed. 2d 131, 143 (1972), the U.S. Supreme Court rejected Plaintiff's argument that, by allowing the property to be used for various civic causes and cultural events, Defendants extended to the public a general invitation and the availability of the property to the public. The U.S. Supreme Court stated that a shopping center that is "open to the public" does not amount to being "dedicated to public use" as asserted by Plaintiff. *Id.*

Plaintiff urges the court to ignore controlling authority and find that the provisions of the Virginia Constitution reach beyond the United States Constitution, allowing Plaintiff to engage in political speech and distribute political materials on Defendants' private property. The authority cited by Plaintiff is inconsistent with the Virginia Supreme Court's findings in *Elliott v. Commonwealth*, 267 Va. 464, 473-73, 593 S.E.2d 263, 269 (2004), and a majority of analogous state Supreme Court decisions.

## C. *Ripeness for Demurrer*

Plaintiff alleges that Defendant Lebo refused to allow Plaintiff to engage in political activity and caused Plaintiff's arrest for trespass at Defendants' "Shoppers' World." Plaintiff alleges that Defendants have in the past made areas of "Shoppers' World" available to members of the public for expressive and civic purposes. Plaintiff claims that he intends to pursue his political activities at Defendants' "Shoppers' World" in the future.

In *River Heights Associates v. Batten*, 267 Va. 262, 591 S.E.2d 683 (2004), for the purposes of a demurrer, the Supreme Court held that all facts alleged by Plaintiff in a bill of complaint are considered true. In *Fun v. Virginia Military Inst.*, 245 Va. 249, 422 S.E.2d 770 (1993), the Supreme Court held that a demurrer only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action.

As previously noted, the Virginia Constitution does not require the owner of a privately-owned shopping center to allow individuals to distribute political materials. Thus, all the alleged facts in the complaint, considered true, do not state a cause of action upon which the demanded relief may be granted.

### Conclusion

Accordingly, this Court finds that:

(1) There are present facts rising to a justiciable controversy which needs to be adjudicated by the Court.

(2) Under the Virginia Constitution, there is no general right to engage in political speech in privately-owned shopping centers and that Plaintiff has failed to state a claim upon which relief may be granted. Therefore, the Demurrer on this ground alone is sustained.

(3) This case is ripe for decision on Demurrer and an evidentiary hearing is not necessary to develop additional facts.