# CIRCUIT COURT OF GREENE COUNTY

Pedigo

     v.

Flattop Mountain
Landowners' Association, Inc.

December 14, 2007

Case No. CL06-000110-00

BY JUDGE DANIEL R. BOUTON

     I am writing to advise you of the court's ruling regarding the outstanding demurrer to the first amended complaint.

## Introduction and Procedural History

     This case was first before the court when a demurrer was sustained to the original complaint filed by the plaintiff. The court, however, granted leave to the plaintiff to file additional pleadings; as a result, the plaintiff filed his first amended complaint. In response, the defendant filed another demurrer, which is now before the court for a ruling.

     The court heard oral argument on November 6th and took the matter under advisement. An opportunity was also given to counsel to submit further written arguments on some of the issues that were addressed at oral argument. The court has fully considered the arguments, both oral and written, and renders below its decision.

## Issue To Be Decided

     Does the first amended complaint set forth facts that are now sufficient to establish that an actual controversy exists between the parties so that it would be appropriate for the court to exercise its discretion to consider granting relief under Va. Code § 8.01-184, Virginia's Declaratory Judgment Statute?

*Analysis*

In the court's letter ruling of May 4, 2007, several cases that set forth the principles of law that apply in actions for declaratory judgment were cited and reviewed in detail. These cases are equally important to the ruling on the demurrer that is now before the court. Since the significance of this authority has already been explained, however, it is not necessary to repeat here the discussion of the court's rationale for the ruling on the first demurrer. Rather, the court simply incorporates by reference the cases from its prior ruling. Nevertheless, two points should be noted in addressing how the analysis regarding the first demurrer has relevance to the one that is now before the court. First, when the suit was originally filed, the plaintiff never described or produced any agreement regarding the subdivision roads; rather, the motion craving oyer granted by the court on this issue led only to a response regarding the 2000 hunting season. The first amended complaint that is now before the court is identical to the initial complaint in that no specific agreement or contract concerning the subdivision roads is described, referred to, or made a part of the pleadings. Second, like the initial pleadings, it must be stressed that the first amended complaint does not contain any specific facts that establish the existence of a justiciable controversy between the parties.

Furthermore, the new authority cited by the plaintiff in his oral and written arguments does not persuade the court that a valid claim has been stated. To begin with, the case of *Collins v. Shopper's World*, 71 Va. Cir. 133 (2006), can easily be distinguished from the one that is before the court. The plaintiff in *Collins* was campaigning for political office by distributing written literature to members of the public on property that was not owned by him. He refused to leave the property after being requested to do so and was eventually arrested for trespass. The property in question, although open to the public, was a privately owned shopping development. In *Collins*, both the plaintiff and the defendant took specific action that led to legal problems and difficulties. Moreover, further actions by both of them were imminent and the rights of the parties needed to be ascertained by the court in order to settle their differences. Thus, an actual controversy between the parties had been established in *Collins* and the court correctly ruled that declaratory judgment was an appropriate remedy. In contrast, the plaintiff here alleges no

circumstances between him and the board that are similar to what occurred in *Collins*. The plaintiff makes no claim that the board has taken any specific action against him as an individual or against the other property owners in the subdivision. Moreover, the plaintiff points to no action on his part that puts him in conflict with the board. In short, neither party has committed any act that would constitute either an antagonistic assertion of a right or an antagonistic denial of a right.

In addition, the case of *Yukon Pocahontas Coal Co. v. Ratliff*, 175 Va. 366, 8 S.E.2d 303 (1940), does not support the position of the plaintiffs. There, the parties were engaged in a hotly contested dispute over whether certain land was subject to mining rights, privileges, and easements that were allegedly held by five different corporations. The defendants were opposed to the mining activities of the corporations; they asserted that they had the right to develop and market the property. Moreover, the pleadings in the case demonstrated that the defendants had already divided a portion of the land, were selling and conveying lots, and were engaged in the process of constructing buildings on the property. All of these activities were in conflict with and arguably prohibited by the legal and contractual rights that had been negotiated and secured by the corporations that were planning to mine the property. Thus, in contrast to the present case before the court, the parties were not simply "asserting" or "maintaining" different positions. Rather, they were engaged in specific actions and embroiled in a course of conduct that merited judicial intervention. Each side was asserting its rights in an antagonistic fashion and each side was vigorously denying the rights of the other. Thus, in contrast to the present case, an actual controversy between the parties existed when the court addressed the dispute.

One final point must be emphasized by the court as part of the rationale for its ruling. Specifically, the plaintiff's prayer for relief illustrates why the case is not ripe for adjudication and why the pleadings as a whole do not contain facts that would justify an exercise of the court's discretion under the Declaratory Judgment Statute. Here, the plaintiff does not seek to have the court declare the rights of the parties in order to settle a controversy between him and the defendant over some pending transaction. The prayer does not ask the court for a ruling that can be applied in order to prohibit the defendant from engaging in a planned or an anticipated contract or undertaking. It does not ask for a declaration of rights and an order based on such declaration that would determine the validity or legality of some action taken or on the verge of being taken by either the plaintiff or the defendant. Rather, the plaintiff asks the court first to declare the rights of the parties and then to "*grant guidance* to the defendant as to the proper application" of the covenant "insofar as the use

of the subdivision roads is concerned" (emphasis mine). In essence, the plaintiff asks the court to exercise its discretion to provide a legal opinion that would, in effect, tell the association what to do and what not to do with the roads. This requested relief amounts to precisely the kind of advisory opinion that is not permitted under the Declaratory Judgment Statute. As noted by the Supreme Court of Virginia in *Hoffman Family, L.L.C. v. Mill Two Associates*, 259 Va. 685, 692, 529 S.E.2d 318 (2000), the statute "does not give trial courts the authority to render advisory opinions, to decide moot questions, or to answer inquiries that are merely speculative."

## Conclusion

As a result of the above analysis, the court will sustain the demurrer to the first amended complaint. Moreover, leave to amend has already been granted and the court is not persuaded that an opportunity to prepare a third complaint would result in pleadings that contain the adversarial and antagonistic factual circumstances that would trigger the need for relief under the Declaratory Judgment Statute. Therefore, the ends of justice would not be served by granting leave to file an amended complaint at this time. As a result, this particular case will be dismissed with prejudice. In light of the court's analysis, however, it should be noted that the ruling is by no means a bar or an impediment to future litigation if something actually occurs between the parties that would merit judicial intervention.