COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia


JOHNNIE ALPHONZO GARLAND
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1711-14-3                       JUDGE WILLIAM G. PETTY
                                                        APRIL 19, 2016
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                        Stacey W. Moreau, Judge

           Matthew L. Pack (M. Pack Law, PLLC, on brief), for appellant.

           Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
           Attorney General, on brief), for appellee.


        Johnnie Alphonzo Garland was indicted for possession with intent to distribute cocaine

and possession with intent to distribute marijuana.  A jury convicted Garland of possession of

cocaine in violation of Code § 18.2-250[1] and possession with intent to distribute marijuana in

violation of Code § 18.2-248.1(a)(2).  On appeal, Garland challenges his conviction for

possession of cocaine.  Garland argues that the trial court abused its discretion by not granting

his motion to set aside the verdict because the jury convicted him of a lesser-included offense,

possession of cocaine, even though the jury instructions did not include an instruction on the

lesser-included offense.  For the following reason, we affirm Garland's conviction.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] While the final order entered on September 3, 2014 correctly describes the conviction
offense as possession of cocaine, it incorrectly refers to Code § 18.2-248.  Accordingly, we
remand this case to the trial court for the sole purpose of correcting the final order to show that
the conviction offense was in violation of Code § 18.2-250.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"'On appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."'" Becker v. Commonwealth, 64 Va. App. 481, 486, 769 S.E.2d 683, 685 (2015) (quoting Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)).

Garland was charged with possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. He was tried by jury on July 15, 2015. After the presentation of the evidence, both parties met with the trial court off the record to discuss jury instructions. Upon returning to the courtroom, Garland noted his objection only to instruction number nine, regarding flight. The objection was overruled, and no other objections to the jury instructions were raised.

For the possession with intent to distribute cocaine charge, the verdict form provided to the jury listed three options for the verdict: guilty of possession with intent to distribute, guilty of possession, or not guilty.

The trial court read the jury instructions, and after closing arguments the jury retired to deliberate. The jury returned to the courtroom, and the deputy clerk read the verdict aloud. The jury found the defendant guilty of possession with intent to distribute marijuana and possession of cocaine.

Garland moved to set aside the jury's verdict, renewing the arguments made in his motion to strike and arguing that no intent to distribute cocaine had been proven. The trial court responded that Garland had not been convicted of possession with intent to distribute cocaine.

For clarification, the deputy clerk re-read the jury's verdict. Garland then argued that there were no circumstances showing that he possessed the cocaine. The trial court denied the motion to set aside the verdict. No other objections to the verdict were raised.

The jury subsequently sentenced Garland to six years' incarceration for possession with intent to distribute marijuana and three years' incarceration for possession of cocaine. On September 2, 2014, the trial court imposed the jury's sentences. Garland did not object to being sentenced for either conviction. Garland now appeals his conviction for possession of cocaine.

II.

Garland argues that the trial court erred in failing to set aside his conviction for possession of cocaine. Garland does not dispute his failure to raise an objection to the lack of a finding instruction for simple possession of cocaine. In fact, he concedes that he agreed that the jury would not be given a finding instruction for the offense of simple possession. Garland's argument is that because the agreed-upon jury instructions did not include a simple possession instruction, the jury could not properly convict him of simple possession. Garland contends that he preserved this argument in his motion to set aside the verdict. In the alternative, Garland asserts that if we find that his assignment of error was not preserved, we should consider it under the "ends of justice" exception to Rule 5A:18.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Milam v. Milam, 65 Va. App. 439, 464-65, 778 S.E.2d 535, 547 (2015) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). Moreover, "we will not consider a different ground of objection raised for the first time on appeal[.]" Id. at 465, 778 S.E.2d at 547 (alteration in original) (quoting O'Dell v. Commonwealth, 234 Va. 672, 679, 364 S.E.2d 491, 495 (1988)).

In his oral motion to set aside the verdict, Garland argued that: "with regard with possession of cocaine, Your Honor, there was no actual possession and obviously the knowledge could be imputed however . . . there were no circumstances . . . in that case . . . where he could, could have been found with cocaine." This was a sufficiency argument, contending that there was insufficient evidence to prove that Garland possessed the cocaine. At no point did Garland argue to the trial court that the jury was not instructed on simple possession and therefore could not convict Garland of the offense. Therefore, his argument was not preserved for appeal.

Garland argues that we should nevertheless consider his argument under the "ends of justice" exception to Rule 5A:18. "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). "The ends of justice exception is narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (quoting Redman, 25 Va. App. at 220, 587 S.E.2d at 272). "It is a rare case in which, rather than invoke Rule [5A:18], we rely upon the exception and consider an assignment of error not preserved at trial . . . ." Redman, 25 Va. App. at 220-21, 487 S.E.2d at 272 (alteration in original) (quoting Jimenez v. Commonwealth, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991)). Thus, the ends of justice exception "requires that the error be clear, substantial, and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). In other words, an appellant invoking the ends of

justice exception must show that "the trial court erred, and [] that a grave or manifest injustice will occur . . . ." Brittle v. Commonwealth, 54 Va. App. 505, 513, 680 S.E.2d 335, 339 (2009).

Garland contends that it was a "miscarriage of justice" for the jury to convict him of simple possession of cocaine because there was no specific instruction given on the elements of simple possession of cocaine. Garland relies on case law holding that "when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter." Jimenez, 241 Va. at 250, 402 S.E.2d at 681.

We have held that "[u]nless [the] elements are defined by instructions available to the members of the jury during their deliberation, they cannot properly determine whether the Commonwealth has carried its burden." Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979). "However, neither the Supreme Court of Virginia, nor this Court, has held that we must always apply the ends of justice exception in cases involving faulty jury instructions to which no objection was noted below—even where such faulty instructions improperly stated the elements of an offense." Bazemore, 42 Va. App. at 219, 590 S.E.2d at 610. "The Supreme Court of Virginia has held that the 'ends of justice' exception applies to permit review when a 'granted instruction omitted some essential elements of the offense' *and* 'no evidence was produced relating to those elements.'" Id. (emphasis added) (quoting Jimenez, 241 Va. at 251, 402 S.E.2d at 681-82). Yet no single jury instruction must contain all of the applicable law in a given case. Elliott v. Commonwealth, 267 Va. 464, 469, 593 S.E.2d 263, 266 (2004). "The law applicable to the case [may be] contained in multiple instructions which, taken collectively, give proper guidance to the jury." Id. Attaining the ends of justice thus requires the correction of the jury instructions, if the instructions allowed the jury to convict Garland "without proof of an essential and necessary element" of the crime of possession of cocaine. See Campbell v. Commonwealth, 14 Va. App. 988, 994, 421 S.E.2d 652, 656 (1992).

Garland points out that jury instruction eleven, the finding instruction for the possession with intent to distribute cocaine charge, simply stated: "[i]f you find that the Commonwealth has failed to prove beyond a reasonable doubt that the defendant possessed with intent to distribute cocaine, then you shall find the defendant not guilty." However, despite the lack of a specific finding instruction for possession of cocaine, jury instruction twelve gave the jury proper guidance on the essential elements of "possession of cocaine." Instruction twelve clearly laid out what constitutes "possession":

> To knowingly and intentionally possess a controlled substance means that a person is aware of the presence and character of the substance and has actual physical possession or constructive possession. Actual physical possession means that the substance is found on the person. Constructive possession means that the person has dominion or control over the substance. Mere proximity is not enough.
> Possession need not be exclusive; it may be shared with another. The length of time of the possession is not material.
> Ownership or occupancy of the vehicle in which a controlled substance is found does not create a presumption that the owner or occupant either knowingly or intentionally possessed such substance. Such ownership or occupancy is a fact which may be considered with other evidence.
> Possession may be proved by acts, declarations or conduct of the defendant from which it may be fairly inferred that he was aware of the presence and character of the substance at the place found.

This jury instruction plainly explained what legally constituted possession. Thus although no specific finding instruction was given, the jury had clear instruction on the required elements of the offense.[2] This guidance enabled the jury to determine if the Commonwealth "prove[d] every essential element of the offense beyond a reasonable doubt." Dowdy, 220 Va. at 116, 255 S.E.2d

---

[2] Garland did not dispute that the substance found in the car was cocaine. Therefore, the only element of "possession of cocaine" at issue was the element of "possession." The omitted language from jury instruction eleven simply would have told the jury that if they find the defendant possessed the cocaine, but fail to find that he intended to distribute it, they shall find him guilty of possession of cocaine.

at 508 (quoting <u>Powers v. Commonwealth</u>, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)).

Moreover, the verdict form gave the jury the option of convicting Garland of possession of cocaine. Because the jury did in fact receive instruction on the essential elements of possession of cocaine, it was not an error for the jury to convict Garland of possession of cocaine. Accordingly, Garland cannot invoke the ends of justice exception to Rule 5A:18.

III.

Rule 5A:18 bars this Court from considering the merits of Garland's argument on appeal. Therefore, we affirm Garland's conviction and remand to the trial court to correct the final order.

Affirmed and<br>remanded.