COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge Humphreys and Senior Judge Annunziata
Argued by teleconference

UNPUBLISHED

ANDREW ALFRED BENTHALL

                                            MEMORANDUM OPINION* BY
v.        Record No. 0929-19-4          CHIEF JUDGE MARLA GRAFF DECKER
                                                    JULY 28, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge[1]

John I. Jones, IV (John Jones Law, PLC, on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


        Andrew Alfred Benthall appeals his convictions for two counts of credit card theft in

violation of Code § 18.2-192.  He challenges the constitutionality of a related statute, Code

§ 18.2-194, which provides that evidence of a person's possession of two or more credit cards

that do not belong to him creates a *prima facie* inference that the cards were obtained in violation

of Code § 18.2-192.  He also argues that the evidence is insufficient to support his convictions

because the Commonwealth did not prove that the credit cards were unlawfully obtained or that

he had the intent to use them.  For the reasons that follow, we affirm the convictions.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Judge Daniel S. Fiore, II, presided over the pre-trial motion regarding the
constitutionality of Code § 18.2-194.

## I. BACKGROUND[2]

The appellant's convictions arose from his arrest for being intoxicated in public, at a pharmacy, on July 24, 2018. Officer Josh Luzier of the Arlington County Police Department searched him incident to the arrest. During that search, Luzier found eleven credit cards in the appellant's back pocket. The credit cards were not in the appellant's name. Instead, they bore the names of five different individuals, and two of the cards had been signed.

Luzier asked the appellant how he came into possession of the credit cards. The appellant responded that "he was a bartender" and proclaimed that he "did not have to divulge that information." The officer also asked the appellant if he "knew any of the names" on the credit cards or the people to whom they belonged. The appellant replied that he did not.

A grand jury indicted the appellant for two counts of credit card theft under Code § 18.2-192. The appellant filed a motion to have the related statute, Code § 18.2-194, declared unconstitutional. After hearing argument, the trial court issued a letter opinion holding that the statute did not violate the United States Constitution.

At trial, the Commonwealth presented evidence that two of the credit cards in the appellant's possession belonged to Ghazal Moore. Ms. Moore testified that she did not know the appellant or give him permission to have her credit cards. She explained that she last saw those cards in "early July," before they were stolen out of her car. Moore's two credit cards provided the basis for the charges.

After the conclusion of the Commonwealth's evidence and again at the close of the case, the appellant made motions to strike the credit card theft charges. He argued, in part, that the Commonwealth failed to prove that he unlawfully obtained the credit cards or that he intended to

---

[2] In accordance with familiar principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, as the prevailing party at trial. See Anaman v. Commonwealth, 64 Va. App. 379, 383 (2015).

use them.  The appellant posited the alternative factual theory that the cardholders accidentally left the cards behind at the bar where he worked.

The trial court denied the motions.  The judge stated that the appellant did not have a "legitimate purpose" for carrying the eleven credit cards or taking them from the bar.  She noted that the reasonableness of the appellant's hypothesis of innocence was a matter for the jury to decide.

The jury convicted the appellant of two counts of credit card theft.[3]  The trial court imposed the jury's sentence of forty-five days in jail and a fine of $250 for each conviction.

## II.  ANALYSIS

The appellant raises two assignments of error.  First, he challenges Code § 18.2-194, claiming as unconstitutional the provision that evidence of a person's possession of two or more credit cards that do not belong to him creates a *prima facie* inference that the cards were unlawfully obtained in violation of Code § 18.2-192.  Second, the appellant argues that the evidence was insufficient to support his convictions.

### A.  Challenge to Code § 18.2-194

The appellant contends that the trial court erred by upholding the constitutionality of Code § 18.2-194.  In support of this argument, he suggests that the statute creates a mandatory, albeit rebuttable, presumption rather than a permissive inference.  "Mandatory presumptions violate the Due Process Clause because they instruct the jury that it must infer the presumed fact if the [Commonwealth] proves certain predicate facts, which relieves the [Commonwealth] of the burden of persuasion on an element of an offense."  Lindsey v. Commonwealth, 293 Va. 1, 5-6 (2017).  In contrast, permissive inferences do not violate the Due Process Clause because they

_____

[3] The appellant was also convicted of failure to appear, but that conviction is not before the Court on appeal.

"do[] not relieve the [Commonwealth] of its burden of proof," instead requiring it to persuade the finder of fact "that the suggested conclusion should be inferred based on the predicate facts provided." Id. at 6 (quoting Dobson v. Commonwealth, 260 Va. 71, 75 (2000)).

The appellant was convicted of credit card theft pursuant to Code § 18.2-192. That statute provides, in pertinent part, that an individual commits credit card theft if he "takes, obtains or withholds a credit card . . . from the person, possession, custody or control of another without the cardholder's consent" or "with knowledge that it has been so taken, obtained or withheld, [he] receives the credit card . . . with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder." Code § 18.2-192(1)(a). Under Code § 18.2-194, the statute at issue here, when an unauthorized person "possesses two or more credit cards which are signed . . . , such possession shall be prima facie evidence that said cards . . . were obtained in violation of § 18.2-192."

The Supreme Court of Virginia's decision in Elliott v. Commonwealth, 267 Va. 464 (2004), is instructive in addressing this assignment of error. In that case, a jury found Elliott guilty of attempted cross burning in violation of Code § 18.2-423. Elliott, 267 Va. at 468. On appeal, he challenged the constitutionality of the *prima facie* provision in the statute. Id. at 467-68. Under that provision, any burning of a cross on the property of another or in a public place is "prima facie evidence of an intent to intimidate a person or group of persons." Id. at 469 (quoting Code § 18.2-423). After reviewing the case history, the Supreme Court concluded that the *prima facie* provision did not affect Elliott's conviction because the jury did not receive an instruction regarding it. Id. at 474. As a result, the Court held that he could not "complain about

- 4 -

the unconstitutionality of a provision of the statute, found severable, that played no part in his trial."[4] Id. The Court affirmed the conviction. Id. at 476.

As was the case in Elliott, the jury in the appellant's trial was not instructed on the *prima facie* inference contained in Code § 18.2-194. Consequently, the appellant was convicted by the jury as if the statute did not exist. "He cannot [now] be heard to complain about . . . a provision of the statute . . . that played no part in his trial." See Elliott, 267 Va. at 474. Accordingly, a constitutional challenge to Code § 18.2-194 cannot provide the appellant a basis upon which to successfully overturn his convictions. In light of this holding, we do not consider the merits of the appellant's constitutional claim. See Commonwealth v. Swann, 290 Va. 194, 196 (2015) (noting that judicial restraint requires that an appellate court "decide cases '"on the best and narrowest grounds available,"'" which entails avoiding "'unnecessary adjudication of a constitutional issue'" (first quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4 (2010); and then quoting Bell v. Commonwealth, 264 Va. 172, 203 (2002))).

The appellant suggests that the statute creates a mandatory presumption and that it played a role in his trial because the court considered it when denying his motion to strike. See Rule 3A:15(a) ("After the Commonwealth has rested its case or at the conclusion of all the evidence, the court on motion of the accused may strike the Commonwealth's evidence if the evidence is insufficient as a matter of law to sustain a conviction."). He contends that he was harmed because after the charges survived the motion to strike stage, he could not rest on his presumption of innocence and had to choose whether or not to present evidence.[5]

_____

[4] Although not relevant to the outcome of the appellant's case here, the Court ultimately held the *prima facie* provision in the statute at issue in Elliott unconstitutional. 267 Va. at 471.

[5] The appellant presented evidence relating only to the reason for his failure to appear.

- 5 -

"[I]t is 'the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless' . . . ." Commonwealth v. White, 293 Va. 411, 420 (2017) (quoting United States v. Hasting, 461 U.S. 499, 509 (1983)). A constitutional error, such as one involving a violation of due process, is harmless only if the appellate court is "able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967). Therefore, an error does not affect the conviction only if the record makes clear "beyond a reasonable doubt that a rational [factfinder] *would have* found the defendant guilty absent the error." White, 293 Va. at 422-23 (alteration in original) (quoting Neder v. United States, 527 U.S. 1, 18 (1999) (emphasis added)). In the instant case, the trial court concluded that whether the evidence established that the credit cards were obtained in violation of Code § 18.2-192 was a question for the jury. Ultimately, the jury convicted the appellant without instruction on the *prima facie* inference. Under these circumstances, it is clear that assuming any impermissible consideration by the trial court of the related statutory provision, it was harmless. See id.

### B. Sufficiency

The appellant argues that the evidence is insufficient to support his convictions for credit card theft. He suggests that the Commonwealth did not prove that the credit cards were unlawfully obtained or that he had the intent to use them.

In determining whether the evidence was sufficient to support a criminal conviction, the appellate court views the facts in the light most favorable to the Commonwealth. See, e.g., Anaman v. Commonwealth, 64 Va. App. 379, 383 (2015). This deferential standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn'" from that evidence. Vasquez v. Commonwealth, 291 Va. 232, 236 (2016) (quoting Bowman v. Commonwealth, 290 Va. 492, 494 (2015)). This standard "applies not only to the

historical facts themselves, but [also to] the inferences from those facts." Clanton v. Commonwealth, 53 Va. App. 561, 566 (2009) (*en banc*) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2 (2003)). In reviewing the sufficiency of the evidence, the Court defers to the jury's findings of fact unless they are plainly wrong or without evidence to support them. See Secret v. Commonwealth, 296 Va. 204, 228 (2018). Further, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Anaman, 64 Va. App. at 394 (quoting Crowder, 41 Va. App. at 663). Instead, the question on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The appellant was convicted of credit card theft pursuant to Code § 18.2-192. That statute provides, in pertinent part, that an individual commits that offense if that person:

> takes, obtains or withholds a credit card . . . from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card . . . with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder . . . .

Code § 18.2-192(1)(a). "[C]redit card theft is completed where the card . . . is unlawfully taken from its rightful owner or is received with knowledge that it has been taken and with the intent to use it, sell it, or transfer it." Meeks v. Commonwealth, 274 Va. 798, 803 (2007), superseded by statute on other grounds, 2008 Va. Acts ch. 797, as recognized in Bryant v. Commonwealth, 70 Va. App. 697, 710 (2019). The statute contains two alternative methods of proving a violation that are separated by the "or who" phrase. See Scott v. Commonwealth, 292 Va. 380, 383-85 (2016). Each of these two alternatives in Code § 18.2-192(1)(a) proscribes a "distinct offense[]." Id. at 384-85. Under the first type of offense, the crime is "completed upon" the unlawful taking,

obtaining, or withholding of the card, and it does not require a specific intent. Id. at 385. Under the second type, when a defendant *receives* a credit card, the statute also requires a showing of specific intent to use, sell, or transfer it. Id. at 384-85.

In the instant case, however, the jury was instructed differently. The instruction, in relevant part, states that to support each credit card theft charge, the Commonwealth had to prove:

> (1) That Mr. Benthall took, obtained, or withheld a credit card from the possession, custody, or control of Ghazal Moore, *or that Mr. Benthall received a credit card from another* knowing that it had been taken, obtained, or withheld from the possession, custody, or control of Ghazal Moore; and
>
> (2) That the taking, obtaining, or withholding was without the consent of Ms. Moore; and
>
> (3) *That the taking, obtaining, or withholding was with intent* to use it, to sell it, or to transfer it to a person other than Ms. Moore.

(Emphases added). This instruction posits two possible theories under which the jury could find the appellant guilty. Under the first theory, the appellant was guilty if he took, obtained, or withheld the credit cards from Moore without her consent and with the specific intent to use, sell, or transfer them. Under the second theory, the jury could find the appellant guilty if he received the credit cards, without Moore's consent, knowing that they had been taken, obtained, or withheld from Moore's possession, custody, or control. Under this alternative "receiving" offense, the instruction did not require that the appellant had any specific intent.[6]

---

[6] Under both theories, the instruction posits that the cards were taken, obtained, or withheld from Moore with the intent to use, sell, or transfer them. However, only the first theory, that the appellant was the one who took, obtained, or withheld the cards, tied that specific intent to the appellant. In contrast, the second theory required that *the unidentified person* who took the cards did so with the intent to use, sell, or transfer them.

The instruction to the instant jury differs from the statute in a very significant way. The jury was instructed that proof that *the appellant* acted with specific intent was required *only* if *the appellant* was the person who took, obtained, or withheld the credit cards and not if he merely received the credit cards from another knowing that they had been taken. In direct contrast with the instruction, the statute does *not* require a specific intent if the crime is "completed upon" the unlawful taking, obtaining, or withholding. Scott, 292 Va. at 383-85. Instead, the *statute* requires specific intent only if a defendant is accused of *receiving* the credit card. Id.

In short, the jury received the erroneous instruction without objection from the appellant. When that happened, the instruction became the law of the case. See Smith v. Commonwealth, 296 Va. 450, 461 (2018). As a result, it bound the parties in the trial court and binds them now on appellate review. See id. Therefore, we consider the appellant's assignment of error in this context. See id.

The appellant is correct that the Commonwealth did not present evidence that he was the individual who took Moore's credit cards from her car weeks before they were discovered in his possession. However, under the instruction given, the jury could have found the appellant guilty under the theory that he *received* the credit cards knowing that they had been taken, obtained, or withheld from Moore's possession. Contrary to the statute, the instruction did not provide that this offense required a showing that *the appellant* acted with specific intent to use, sell, or transfer them once he received them.

The relevant assignment of error before this Court challenges only the sufficiency of the evidence to prove that "the credit cards were unlawfully obtained" and that the appellant "had the intent to use them." See generally Rule 5A:12(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."). His argument posits that the evidence was insufficient to support his convictions because the Commonwealth proved neither that he

was the person who took Moore's cards from her car nor that he intended to use, sell, or transfer them. See generally Rule 5A:20(e) (requiring appellants to state clearly their "argument . . . relating to each assignment of error"). When viewing the appellant's argument in conjunction with the controlling jury instruction, the appellant's sufficiency challenge is limited to a review of the evidence that the appellant took, obtained, or withheld the credit cards from Moore with the specific intent to use, sell, or transfer them. This assignment of error does not encompass a challenge to the sufficiency of the evidence to prove that the appellant received the credit cards knowing that they had been taken, obtained, or withheld from Moore's possession.

The appellant's argument on brief does not touch upon the alternative "receiving" theory under which the jury may have found the appellant guilty. Because the evidence *may* have been sufficient to support the conviction under another theory regarding which the appellant did not present an appellate challenge, he has failed to establish that the trial court erred by upholding the jury's verdict. See Griffin v. United States, 502 U.S. 46, 56-60 (1991) (holding that even when the evidence is insufficient on one of two available bases for a conviction, a general verdict remains valid as long as the evidence is sufficient to support the other theory); Johnson v. Commonwealth, 45 Va. App. 113, 116-18, 116 n.2 (2005) (holding that where two alternative grounds may have supported the trial court's ruling, the defendant challenged only one on appeal, and the other provided a "freestanding" basis for decision, his failure to challenge the second ground was a waiver of his right to consideration of the appeal); Fields v. Dinwiddie Cty. Dept. of Soc. Servs., 46 Va. App. 1, 7-8 (2005) (holding that the Court did not need to address

the mother's challenge to the termination of parental rights on one ground because she did not appeal the trial court's decision to terminate her parental rights on a second ground).

Consequently, we do not reach the merits of the appellant's sufficiency challenge.[7]

### III. CONCLUSION

We hold that the appellant may not successfully challenge the constitutionality of the *prima facie* provision in Code § 18.2-194 because it did not affect the jury's verdict. Further, the appellant's challenge to the sufficiency of the evidence, regarding whether it proved that Moore's credit cards were unlawfully obtained by him or that he had the intent to use them, fails to establish that the evidence was insufficient to support the offense under the alternative basis contained in the instruction received by the jury relating to receiving the stolen credit cards. For these reasons, we affirm the convictions for credit card theft in violation of Code § 18.2-192.

<u>Affirmed.</u>

---

[7] The Commonwealth argues that the evidence was sufficient to support a finding that the appellant possessed the requisite specific intent. It relies on the appellant's possession, in a store, of eleven cards in the names of five different people. In light of our holding, we do not address the merits of this argument.