## Richmond

## JOHN HENRY DOWDY, JR.

v.

## COMMONWEALTH OF VIRGINIA

June 8, 1979.

Record No. 781163.

Present: All the Justices.

*Murray J. Janus (James S. Yoffy; Theodore I. Brenner; Bremner, Baber & Janus,* on brief), for appellant.

*Robert E. Bradenham, II, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Charged with shooting "into a certain dwelling house . . . whereby the life of the occupant . . . was . . . put in peril" in violation of Code § 18.2-279 and with sending "an inscribed communication containing a threat to kill or do bodily injury" in violation of Code § 18.2-60, John Henry Dowdy, Jr., was convicted by a jury of both charges and, by final judgment order entered May 16, 1978, sentenced to the penitentiary for terms of four years and one year, respectively, the terms to run consecutively. We granted a writ of error limited to certain errors assigned to the shooting conviction.

Defendant was released from the penitentiary in April, 1977 after serving a term for a narcotics conviction. In the early morning hours of July 13, 1977, he drove to the home of the officer who had arrested him for that offense, left a rock inscribed with a threatening message near his mailbox, and fired a shotgun blast into his front storm door. The officer was not at home. His wife, who was in the rear portion of the house, heard the glass break, but thinking it was caused by the effects of high humidity and the air conditioning system, she did not notify anyone until her husband returned later that morning.

At the arraignment, the indictments were read and, in general terms, the trial court explained the charges to the jury. During closing arguments, defendant's attorney read the indictment on the shooting charge and the attorney for the Commonwealth read Code § 18.2-279. The trial court granted eleven instructions requested by the Commonwealth; none defined the elements of the shooting offense. Defendant proffered an instruction patterned after the statute, but it was refused and the jury retired. The trial court denied defendant's request that the indictment "go to the jury with the instructions."

■ "It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt." *Powers* v. *Commonwealth*, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970). Unless those elements are defined by instructions available to the members of the jury during their deliberation, they cannot properly determine whether the Commonwealth has carried its burden. The duty to give such instructions is not discharged by simple reference to the indictment, *see United States* v. *Bosch*, 505 F.2d 78, 82 (5th Cir. 1974), or by reading the applicable statute to the jury, *see United States* v. *Harris*, 346 F.2d 182, 184 (4th Cir. 1965). "It is always the duty of the court *at the proper time* to instruct the jury on all principles of law applicable to the pleadings and the evidence (emphasis added)", *Taylor* v. *Commonwealth*, 186 Va. 587, 592, 43 S.E.2d 906, 909 (1947), and "a correct statement of the law applicable to the case, *when the law is stated,* . . . [is one of the] essentials of a fair trial (emphasis added)", *Limbaugh* v. *Commonwealth*, 149 Va. 383, 400, 140 S.E. 133, 138 (1927).

We hold that the trial court erred in failing to instruct the jury on the essential elements of the offense.

■ Contending that the indictment charged an element of the offense not required by the statute, defendant argues that the evidence was insufficient to support a conviction of the offense charged. Specifically, he says that the Commonwealth had the burden of proving as a fact that the life of the occupant of the dwelling "was . . . put in peril". We disagree.

Under Code § 18.2-279, it is a Class 4 felony "maliciously" to discharge a firearm "at . . . or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril". Former

Code § 18.1-152, a predecessor statute, proscribed the act of shooting *into* an occupied building. Construing that statute, we held that "it is not unlawful to shoot at a dwelling house" and that "the statute is violated only if a person shoots into, that is that the missile strikes or enters, such structure." *Etheridge* v. *Commonwealth,* 210 Va. 328, 331, 171 S.E.2d 190, 192 (1969). Following our opinion in *Etheridge,* the General Assembly enacted Title 18.2 revising Title 18.1. Acts 1975, cc 14, 15. As revised, the statute makes it unlawful to shoot "at ... or against" an occupied building.

With this history in mind, we construe the language of the present statute as a legislative declaration that human lives may be endangered when a deadly weapon is maliciously discharged at or against a building occupied by people and that such conduct is felonious. In our view, this legislative determination relieves the Commonwealth of the burden of proving that human life was, in fact, endangered.

Citing Code § 18.2-279, the indictment charged that defendant "did shoot into", *i.e.,* that the missiles fired from the shotgun struck, the dwelling; that the life of an occupant "was ... put in peril"; and that defendant's act was committed "feloniously and maliciously". As defendant notes, the conviction in *Etheridge* was reversed because the indictment charged an element of the offense not required by the statute, and there was a variance between the charge and the evidence. But here, no additional element was charged; the indictment merely recited the legislative determination that human life was imperiled by the conduct charged. We are of opinion the indictment stated the statutory definition as we have construed it in terms "sufficient to advise what offense [was] charged", Code § 19.2-220, and we hold that the evidence was sufficient to support a conviction of that offense.

As to the conviction under Code § 18.2-60, the judgment order will be affirmed. For the error in failing to instruct the jury on the elements of the offense, the judgment order will be reversed insofar as it confirms the conviction under Code § 18.2-279, and the case will be remanded for a new trial.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

CARRICO, COCHRAN AND COMPTON. JJ., concur in result.