COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Fitzpatrick


SIDNEY DELWOOD THACKER, SR.

MEMORANDUM OPINION[*] BY
v.          Record No. 2072-94-2          JUDGE LARRY G. ELDER
                                          DECEMBER 19, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge


(Frederick T. Heblich, Jr.; Parker, McElwain &
Jacobs, P.C., on brief), for appellant.  Appellant
submitting on brief.

(James S. Gilmore, III, Attorney General;
H. Elizabeth Shaffer, Assistant Attorney General,
on brief), for appellee.  Appellee submitting
on brief.



Sidney Delwood Thacker, Sr. (appellant) appeals his
conviction for second offense driving under the influence (DUI)
in violation of Code §§ 18.2-266 and 18.2-270.  Appellant
contends the evidence failed to support the instant conviction
where the conviction order from appellant's prior DUI offense did
not list the date of the prior offense.  Agreeing with appellant,
we reverse his conviction and remand for further proceedings if
the Commonwealth be so advised.

The facts reveal that Albemarle County Police arrested and
charged appellant with driving under the influence of alcohol on
April 9, 1994.  At trial in the circuit court on October 14,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1994, before the Honorable Paul M. Peatross, Jr., the Commonwealth introduced a certified copy of a prior order signed by Judge Peatross, which showed an earlier DUI conviction from May 22, 1992.  Importantly, appellant's May 22, 1992 conviction order did not provide the date of the offense.

Appellant argued that without proof of the actual date of the earlier offense, the Commonwealth failed to prove the instant charge occurred within ten years of the earlier offense.  Judge Peatross rejected this argument after noting the date of the conviction of the prior offense and noting it was he who had entered the order of the prior conviction.  Judge Peatross concluded, "that the order was sufficient to prove that the prior offense contained in that order had occurred within ten years of the offense for which the defendant was on trial."  Judge Peatross then found appellant guilty of the charge.

"It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt."  Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)(citation omitted).  In this case, in order to obtain the enhanced penalties of Code § 18.2-270,[1] the Commonwealth had to prove beyond a reasonable doubt that appellant committed the

---

[1]  This section states, in pertinent part:

Any person convicted of a second offense committed within a period of five to ten years of a first offense under Code § 18.2-266 shall be punishable by a fine of not less than $200 nor more than $2500 and by confinement in jail for not less than one month nor more than one year.

instant DUI offense within a period of ten years after the first DUI offense. The Commonwealth failed to meet this burden.

The instant offense occurred on April 9, 1994. The Commonwealth therefore had to prove the first offense occurred after April 9, 1984. The conviction date, listed on the trial judge's order for appellant's first DUI conviction, was May 22, 1992. From this, the trial judge took judicial notice that the first offense must have occurred sometime before May 22, 1992 but sometime after April 9, 1984. The trial judge's action in this regard was improper and constitutes reversible error.

As this Court has explained:

> Courts may take judicial notice of facts commonly known from human experience, but facts which are not commonly known must be proved. The individual and extrajudicial knowledge of a judge cannot be used to dispense with proof of facts not properly the subject of judicial notice, and cannot be resorted to for the purpose of supplementing the record.

Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989)(citing Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942)). A judge's "personal knowledge cannot be a basis of judicial notice, at least as to matters of fact." Charles E. Friend, The Law of Evidence in Virginia, § 19-2, at 261 (4th ed. 1993 & Supp. 1994)(footnote omitted & emphasis added).

Accordingly, we reverse the conviction and remand for further action if the Commonwealth be so advised.

Reversed and remanded.