COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


BRENT MAURICE CRAWLEY

                                            OPINION BY
v.    Record No. 1385-96-2        JUDGE LARRY G. ELDER
                                      NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

Robert H. Morrison (Bennett & Morrison, on
brief), for appellant.

Ruth Ann Morken, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.



Brent Maurice Crawley ("appellant") appeals his conviction of attempted malicious wounding. He contends the evidence was insufficient to prove that he intended to wound Michelle Newman ("Newman"). For the reasons that follow, we reverse.

I.

FACTS

Appellant was charged with maliciously wounding Randy Tyrone Acree ("Acree"), attempting to maliciously wound Newman, and using a firearm in the commission of a felony. Although he was convicted of all three charges, on appeal, appellant only challenges his conviction of attempting to maliciously wound Newman.

At trial, the evidence, when viewed in the light most favorable to the Commonwealth, proved that appellant and his cousin, Benny Yancy ("Yancy"), had an ongoing conflict with

Acree. Acree testified that appellant and another person once attempted to "jump" him. Appellant testified that, in early June, 1995, Acree "chased [him] down through the woods."

On June 10, 1995, Acree was driving with Newman and her two-year-old daughter in a car to pick up Newman's mother when his car was "bumped" from behind by a truck occupied by appellant and Yancy. Acree stopped his car in the middle of the highway, and appellant and Yancy stopped their truck just behind Acree's car. Acree, Newman, Yancy, and appellant met between the two stopped vehicles and conversed for a few minutes. Appellant was carrying a pistol, and Acree was holding a rifle. During the conversation, Yancy told Acree, apparently in reference to his earlier altercation with appellant, "You don't know who you messing with; you messing with my cousin." Newman asked Yancy to "leave [her and Acree] alone" so they could meet Newman's mother. Yancy responded by telling Newman that "[she] was the cause of the whole problem." Newman then said, "I'm not the cause of nothing," and asked appellant if he thought she had "anything to do with what was going on." Appellant responded by saying she "didn't have anything to do with it."

The conversation ended when Newman "pushed" Acree back to the driver-side door of their car. Appellant and Yancy returned to their truck. When appellant reached the passenger-side door of the truck, he turned, drew his gun, and fired three times at Acree, striking him in the hip. At the time of the shooting,

Newman was standing "right beside" Acree on the driver-side of the car "within reaching distance" of him.  None of the bullets fired by appellant struck Newman.

## II.

### SUFFICIENCY OF THE EVIDENCE REGARDING SPECIFIC INTENT

Appellant contends the evidence was insufficient to prove that he attempted to maliciously wound Newman.  He concedes that he fired his pistol at Acree.  He argues that the circumstantial evidence regarding his intent does not support the trial court's conclusion that he intended to shoot Newman.  We agree.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  This Court does not substitute its judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Instead, the trial court's judgment will not be set aside unless it appears that it is plainly wrong or without supporting evidence.  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

"'An attempt to commit a crime is composed of two elements:  (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission.'"  Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d 606, 607-08 (1995) (quoting Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935)).  In

-3-

order to convict an accused of attempted malicious wounding, the Commonwealth must prove that the accused: (1) intended to "maliciously shoot, stab, cut or wound any person or by any means cause bodily injury with the intent to maim, disfigure, disable or kill"; and (2) committed a direct but ineffectual act toward this purpose. See Code § 18.2-51.

"The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987); see also Thacker v. Commonwealth, 134 Va. 767, 770, 114 S.E. 504, 506 (1922) (stating that "to do an act from general malevolence is not an attempt to commit a crime, because there is no specific intent, though the act according to its consequences may amount to a substantive crime"). "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see also Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles, 218 Va. at 551, 238 S.E.2d at 810.

"[W]hether the required intent exists is generally a question for the trier of fact." Id. "The inferences to be

-4-

drawn from proved facts are within the province of the [trier of fact], so long as the inferences are reasonable and justified." Barrett, 210 Va. at 156, 169 S.E.2d at 451.  Where, as here, the Commonwealth relies solely on circumstantial evidence to prove the intent of the accused, the evidence must exclude every reasonable hypothesis of innocence.  See Coffey v. Commonwealth, 202 Va. 185, 188, 116 S.E.2d 257, 259 (1960).

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence.  It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.

Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

The Commonwealth concedes that the doctrine of transferred intent has no application to the charge of attempted malicious wounding, the crime at issue in this appeal.  Under the common law doctrine of transferred intent, if an accused attempts to injure one person and an unintended victim is injured because of the act, the accused's intent to injure the intended victim is transferred to the injury of the unintended victim, even though this wounding was accidental or unintentional.  See Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989) (citing Riddick v. Commonwealth, 226 Va. 244, 248, 308 S.E.2d 117, 119 (1983)); see also People v. Scott, 14 Cal.4th 544, 548-51, 927 P.2d 288, 291-92, 59 Cal.Rptr.2d 178, 181-82 (1996)

(discussing history and purpose of the doctrine of "transferred intent"); William L. Prosser, Transferred Intent, 45 Tex. L. Rev. 650, 652-53 (1967) (same). Indeed, had appellant missed Acree and shot Newman, or shot both Acree and Newman, appellant would have been found guilty of maliciously wounding her, even if he only intended to wound Acree. However, Newman was not injured when appellant shot Acree. Because in this case appellant did not escape criminal liability, neither the express terms of the doctrine nor its underlying policy dictate that it apply. See Scott, 14 Cal.4th at 551, 927 P.2d at 292, 59 Cal.Rptr.2d at 182 (stating that policy of doctrine of transferred intent is to ensure that accused is "subject to the same criminal liability that would have been imposed had he hit his intended mark"); see also Harvey v. State, 111 Md. App. 401, 423-24, 681 A.2d 628, 639, cert. denied, 344 Md. 330, 686 A.2d 635 (1996) (citation omitted) (stating that the doctrine of transferred intent is inapplicable when there is no harm to the unintended victim). Thus, the Commonwealth was required to prove that the appellant specifically intended to wound Newman.

We hold that the evidence was insufficient to support the trial court's conclusion that appellant specifically intended to wound Newman when he fired his gun. Although the fact that appellant fired his gun at Acree while Newman was standing next to Acree raised a suspicion that appellant also intended to wound Newman, the other circumstantial evidence regarding appellant's

state of mind at the time of the shooting indicates that Acree was his only intended target. Both Acree and appellant testified that they had developed animus toward each other as a result of an ongoing conflict between them. The record indicates that this conflict was the primary impetus for the confrontation on the highway that led to the shooting. During the conversation that preceded the shooting, Yancy told Acree, "You don't know who you messing with; you messing with my cousin." In addition, just minutes before he shot Acree, appellant stated that Newman was not the subject of his ire. Newman testified that she asked appellant if she had "anything to do with what was going on" and that appellant replied that she "didn't have anything to do with it." No other evidence established the nature of appellant's relationship with Newman. Despite Newman's close proximity to Acree at the time of the shooting, the totality of the circumstantial evidence regarding appellant's intent failed to exclude as a reasonable hypothesis the possibility that his sole purpose when he fired his gun was to shoot Acree.

For the foregoing reasons, we reverse appellant's conviction of attempted malicious wounding.

Reversed and dismissed.