Present: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Koontz, S.J.*

CORDERO BERNARD ELLIS

OPINION BY
SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.

v. Record No. 100506

March 4, 2011

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, the principal issue we consider is whether, in order to prove a violation of Code § 18.2-279, which makes it a criminal offense to discharge a firearm at or against any occupied building, the Commonwealth must establish that the defendant had a specific intent to shoot at a particular building.

BACKGROUND

The pertinent facts are not in dispute. Consistent with well-established principles of appellate review, we consider those facts in the light most favorable to the Commonwealth, the prevailing party in the circuit court. Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010).

On November 10, 2008, Cordero Bernard Ellis was indicted by the grand jury in the Circuit Court of the City of Newport News for the offense of maliciously discharging a firearm at

_____

* Justice Koontz presided and participated in the hearing and decision of this case prior to the effective date of his retirement on February 1, 2011; Justice Kinser was sworn in as Chief Justice on February 1, 2011.

or against an occupied building in violation of Code § 18.2-279, a Class 4 felony.[1]  A bench trial on this indictment was held in the circuit court on January 9, 2009.  The court ultimately convicted Ellis of the lesser included offense of unlawfully discharging a firearm at or against an occupied building, a Class 6 felony.

The evidence adduced at Ellis' trial established that at approximately 6 p.m. on the afternoon of August 16, 2008, Evan D. Claude and his child nephew exited a convenience store located in the 4700 block of Marshall Avenue in the City of Newport News, where Claude had gone to purchase cigarettes. They crossed Marshall Avenue and proceeded through an open space between two buildings directly opposite the convenience store.  An individual, who Claude recognized as "D.A.," walked past them toward Marshall Avenue.

---

[1] Ellis was also indicted for attempted malicious wounding of Evan D. Claude, Code § 18.2-51, and use of a firearm in the commission of that offense, Code § 18.2-53.1.  The malicious wounding charge apparently was premised on a theory of transferred intent since the victim named in the indictment was a bystander, not the intended victim, whose exact identity was not known.  The circuit court, applying Crawley v. Commonwealth, 25 Va. App. 768, 773, 492 S.E.2d 503, 505 (1997), ruled that the doctrine of transferred intent was inapplicable to the crime of attempted malicious wounding, and dismissed the indictment for that offense and the use of a firearm offense.

Approximately 10 to 20 feet further away, Claude saw Ellis, known to Claude as "Moosey," draw a pistol and call out to "D.A." Ellis then began firing the pistol at "D.A." Claude and the child were "in the path of the fire." Claude estimated that the total distance separating Ellis and "D.A." was "about 30 or 40 feet."

During Claude's testimony, the Commonwealth introduced an aerial photograph showing the convenience store and the surrounding area. On the photograph, Claude marked the approximate locations of where he, "D.A.," and Ellis were standing when the shooting occurred.

Aja Lani, the assistant manager of the convenience store, testified that at the time of the shooting there were three employees and at least three customers in the store. Lani testified that as soon as he and the others heard gunfire they "laid down on the floor" of the store. Lani further testified that one bullet entered the store through a glass door.

Officer Luley[2] of the Newport News Police Department testified that in investigating the August 16, 2008 shooting, he recovered two bullets, one from where it had impacted the wall of the convenience store and another from inside the store. In the open area across Marshall Avenue from the

_____

[2] The record does not disclose Officer Luley's full name.

3

store, Officer Luley recovered eight shell casings.  Although Officer Luley was able to identify the approximate location where he recovered the casings, he could not state the exact distance from the store to that location.

At the conclusion of the Commonwealth's case, Ellis made a motion to strike the Commonwealth's evidence and dismiss the charge relating to a violation of Code § 18.2-279, asserting that the evidence failed to show that Ellis intended to shoot "at or against" the convenience store.  The circuit court took Ellis' motion to strike under advisement, directing the parties to be prepared to address whether the gravamen of the offense defined by Code § 18.2-279 required the Commonwealth to prove that Ellis had the specific intent to shoot at the building in which the store was located.  Ellis did not present any evidence.

On March 3, 2009, the circuit court conducted a hearing to receive additional argument on Ellis' motion.  Relying on Fleming v. Commonwealth, 13 Va. App. 349, 412 S.E.2d 180 (1991), Ellis' counsel maintained that the Commonwealth was required to prove that Ellis had the specific intent to fire "at or against" the store in order to sustain a charge under Code § 18.2-279, because that language was included in the indictment.  The court stated that it did not agree with counsel's interpretation of Fleming, finding instead that the

4

case stood for the proposition that Code § 18.2-279 was a general intent crime. Counsel responded that she agreed that Fleming stood for the proposition that unlawfully shooting at an occupied building required only a showing of general intent.[3] She contended, however, that because the indictment in this case charged the precise offense of maliciously shooting "at or against" an occupied building, the Commonwealth was required to prove a specific intent to shoot at or against the convenience store with the malicious intent of injuring one of the occupants. Asserting that the evidence did not prove either of these elements, counsel contended that Ellis was at most guilty of unlawfully discharging a firearm.[4]

---

[3] The Commonwealth contends that when Ellis' counsel acknowledged her agreement with the circuit court's interpretation of Fleming, she conceded that Ellis could be convicted of unlawfully shooting at an occupied building as a general intent crime and that any argument to the contrary on appeal is an improper attempt to "approbate and reprobate." See, e.g., Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009). In the context of the colloquy between the court and counsel on this point, however, it is clear that counsel was only acknowledging the court's reading of Fleming and did not intend to concede that Ellis could be convicted of unlawfully shooting into an occupied building under the indictment and evidence in this case, as was made clear by her subsequent argument.

[4] Presumably counsel was referring to Code § 18.2-280, which prohibits the "willful" discharge of a firearm "in any street in a city or town, or in any place of public business or place of public gathering," a Class 1 misdemeanor unless the incident occurs in or within a specified distance of a school, which raises the offense to a Class 4 felony.

In effect, Ellis' counsel contended that by indicting Ellis for the greater offense defined by Code § 18.2-279, which she contended required proof of specific intent to shoot at the building with malicious intent to wound a person inside, the Commonwealth was bound by the indictment to prove that Ellis had specific intent with respect to every aspect of the crime. Thus, according to counsel, the Commonwealth could not assert that Ellis was guilty of the lesser offense based on a theory of general intent.

The circuit court, while agreeing with Ellis' counsel that the element of malice was not proven by the evidence, disagreed that the "at or against" language of the indictment, which tracked the statute, required proof of a specific intent to shoot "at or against" the convenience store in order to obtain a conviction. Accordingly, the court convicted Ellis of the lesser included offense of unlawfully shooting at an occupied building. Following the preparation of a pre-sentence report, the court sentenced Ellis to five years imprisonment, suspending two years of that sentence.

Ellis noted an appeal to the Court of Appeals, which refused his petition for appeal in an unpublished order. Ellis v. Commonwealth, Record No. 1281-09-1 (December 9, 2009). The Court found, in accord with Fleming, that the evidence was sufficient to support a reasonable inference by

6

the circuit court as fact finder that Ellis " 'knew or should have known that the [convenience store] was in the line of fire, even if [Ellis] did not specifically intend to shoot at or into the [store].' " Id., slip op. at 1 (quoting Fleming, 13 Va. App. at 354, 412 S.E.2d at 183). We awarded Ellis this appeal.

DISCUSSION

Ellis contends that the circuit court erred in failing to find that the language of the indictment required the Commonwealth to prove that Ellis had a specific intent to fire "at or against" the convenience store. Ellis asserts that, regardless of the level of the offense under Code § 18.2-279 for which he was convicted, the Commonwealth could not rely upon Ellis' apparent intent to fire at "D.A." to establish that Ellis also intended to shoot at the store because "D.A." was "not in the store and located an unknown distance away from the store." Ellis further contends that even if the Commonwealth was not required to prove that Ellis had the specific intent to shoot at the store, the Court of Appeals nonetheless erred in holding that the evidence was sufficient to support the circuit court's finding that Ellis knew or should have known that the store was in his direct line of fire. For the reasons that follow, we disagree with Ellis on both points.

7

Code § 18.2-279 provides in relevant part:

> If any person maliciously discharges a firearm . . . at or against any . . . building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending is guilty of a Class 4 felony. . . .
>
> If any such act be done unlawfully, but not maliciously, the person so offending is guilty of a Class 6 felony.

This Court first addressed the application of Code § 18.2-279 in Dowdy v. Commonwealth, 220 Va. 114, 255 S.E.2d 506 (1979).  In Dowdy, we held that the statute was "a legislative declaration that human lives may be endangered when a deadly weapon is maliciously discharged at or against a building occupied by people and that such conduct is felonious."  Id. at 117, 255 S.E.2d at 508.

Since Dowdy was decided, the Court of Appeals has reviewed numerous convictions under Code § 18.2-279, beginning with Fleming.  In that case, the defendant was convicted as a principal in the second degree for unlawfully shooting at an occupied building.  Id. at 350, 412 S.E.2d at 181.  While not disputing that his actions were sufficient to prove that he was present and gave assistance to the first degree principal, Fleming contended that the Commonwealth had not proven that the first degree principal had the requisite intent to shoot at the building.  The Court of Appeals rejected Fleming's

8

argument, holding "that the offense as defined by the statute is not a specific intent crime; rather, it is a general intent offense." Id. at 354, 412 S.E.2d at 183. The Court went on to explain that

> [a] violation of the statute may be established upon proof that a person unlawfully discharged a firearm at or in the direction of an occupied [building] if the person knew or should have known that the [building] was in the line of fire, even if the person did not specifically intend to shoot at or into the [building]. The fact finder may infer that the perpetrator had an unlawful intent from the commission of an unlawful act.

Id. (emphasis added). Since deciding Fleming, the Court of Appeals has consistently interpreted Code § 18.2-279 in accord with this holding. See, e.g., Armstead v. Commonwealth, 55 Va. App. 354, 361, 685 S.E.2d 876, 879 (2009) (applying rationale of Fleming to Code § 18.2-154, which prohibits maliciously or unlawfully shooting into a vehicle); King v. Commonwealth, 40 Va. App. 193, 199, 578 S.E.2d 803, 806 (2003).

The rationale of Fleming is consistent with the view expressed in Dowdy that the legislative purpose of the statute is meant to prohibit unlawful conduct, whether malicious or merely criminally reckless, which has the potential to endanger the lives of persons inside occupied buildings, without regard to the shooter's actual motive or intent in unlawfully discharging a firearm. Accordingly, applying that

rationale here, we hold that to sustain a conviction under Code § 18.2-279, the Commonwealth need not prove that the defendant had the specific intent to shoot at or against a particular building. Rather, the evidence need only show that a defendant who unlawfully discharges a firearm knew or should have known that an occupied building or buildings were in his line of fire.

Ellis contends, however, that even under this general intent standard the evidence was not sufficient for the circuit court to find that he knew or should have known that the convenience store was within his line of fire. This is so, Ellis contends, because the evidence showed only that he and "D.A." were walking toward Marshall Avenue at an undetermined distance from the store when he fired his weapon at "D.A." Thus, Ellis asserts that there was "[n]o evidence . . . presented to even suggest that [he] even knew where the building was located or that it was occupied."

During oral argument of this appeal, the Commonwealth conceded that Code § 18.2-279 is not a strict liability crime, and that factors such as visibility, time of day, the character of the neighborhood, and, most especially, the distance between the shooter and the building struck could impact the fact finder's determination of whether the defendant reasonably should have known that he was shooting at

10

an occupied building.  The Commonwealth further acknowledged that the nexus between the shooter and the building struck could become so attenuated as to be legally insufficient to support a conviction under Code § 18.2-279.  The Commonwealth contends, however, that the evidence in this case was sufficient to permit the circuit court to find that the Commonwealth's evidence was legally sufficient, and, as the trier of fact, to make the further determination that Ellis knew that the convenience store was in his line of fire or should have realized that the natural, probable consequences of his actions was that stray shots were likely to strike occupied buildings.  We agree.

It is permissible for the fact finder to infer that every person intends the natural, probable consequences of his or her actions.  See, e.g., Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 198-99 (2001).  In Fleming, the shots were fired "at a truck located directly in front of an occupied residence from a distance of sixty feet."  13 Va. App. at 355, 412 S.E.2d at 184.  The Court of Appeals determined that it was reasonable for the jury to infer that the shooter in that case, despite his statement that his intent was to fire at the truck, had the general intent to shoot at the dwelling that was also in his direct line of fire, because this was a natural, probable result of his

11

discharging a firearm rapidly and indiscriminately in the vicinity of the dwelling.  Id.

Examining the aerial photograph that was admitted into evidence in this case, it is apparent that Ellis was only a short distance from the convenience store when he fired at "D.A."  Moreover, the photo clearly shows that there were other buildings immediately behind and to Ellis' right and left on either side of the open area where the shooting occurred.  Claude's testimony established that the character of the neighborhood was of mixed residential and commercial use.  Since Claude knew both Ellis and "D.A." by sight, the circuit court could reasonably have inferred that Ellis was familiar with the neighborhood.  It was also reasonable for the circuit court to infer that Ellis would have known that the convenience store would have been open for business and therefore occupied by employees, if not employees and customers.

The evidence also showed that the shooting occurred at a time of day in the summer when it would still be full daylight.  Although no evidence was adduced as to the exact character of the weather on the day of the incident, there was no assertion that it was inclement such that visibility would have been in any way obscured.

12

Given these facts, we hold that the Commonwealth's case was legally sufficient to survive Ellis' motion to strike and that the circuit court, as the fact finder, could reasonably infer from the character of the neighborhood, the presence of others in the vicinity, and the density of the surrounding development, that Ellis knew or should of known that an occupied building would be in his line of fire when he unlawfully discharged his weapon toward "D.A."  In this instance, it was not necessary for the Commonwealth to prove by direct evidence that Ellis was actually aware that the convenience store was within his line of fire or that it was occupied at the time, because it was reasonable for the fact finder to infer from the evidence that these elements of the offense were established beyond a reasonable doubt.

CONCLUSION

For these reasons, we hold that the circuit court did not err in finding that the Commonwealth was not required to prove that Ellis had the specific intent to fire at or against the convenience store and that the Court of Appeals did not err in finding that the evidence was sufficient to support Ellis' conviction.  Accordingly, we will affirm Ellis' conviction under Code § 18.2-279 for unlawfully shooting at or against an occupied building.

Affirmed.