COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge Chaney and Senior Judge Humphreys
Argued at Richmond, Virginia


CLARENCE BERNARD COLEMAN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2173-23-2              CHIEF JUDGE MARLA GRAFF DECKER
                                                         MARCH 11, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
S. Anderson Nelson, Judge

Samantha Offutt Thames, Senior Appellate Attorney (Virginia
Indigent Defense Commission, on briefs), for appellant.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


A jury found Clarence Bernard Coleman guilty of unlawful wounding and assault and

battery of a family member, third or subsequent offense, in violation of Code §§ 18.2-51 and -57.2.

The trial followed an incident in which the appellant struck his wife with a cell phone as she sat

on the toilet in their home, injuring her near her eye. He argues that the trial court erred by

refusing to instruct the jury on assault and battery as a lesser-included offense of malicious and

unlawful wounding. The appellant also challenges the sufficiency of the evidence to prove the

convictions. For the following reasons, we affirm the judgment of the trial court.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On August 31, 2022, the appellant greeted his wife, Shannon Coleman, at the door when she returned home from work. She believed that he was intoxicated—due to his nudity and also because a previously full bottle of whiskey was "gone."

The couple had sexual intercourse, and then Shannon went to use the bathroom. As she sat on the toilet, the appellant entered the bathroom, angry about certain messages he had just seen on her cell phone. Standing in front of her as she sat on the toilet, he forcefully hit her in the face with the cell phone in his hand. The blow left a gash on the side of her left eye. He then struck the bathroom door, leaving a hole in it measuring about fourteen square inches.

The appellant left the bathroom, and Shannon fled through the back door to a nearby convenience store. As she ran, the appellant followed her, grabbed her, and apologized. After she assured him that she was not going to call the police, he released her and left. Shannon went into the store, borrowed the business phone, and called her mother, Aretha Easter. She then locked herself in the store's restroom until her mother arrived because she feared for her safety.

Easter immediately drove to the store and called 911 on the way there. When she arrived, Easter saw the appellant entering the store. He saw her and went back outside to talk. Easter told him that she was "going in[to] the store to see [her] daughter's face." The appellant expressed surprise that Shannon was in the store and left the premises. After he left, Easter called her daughter and told her to come outside.

---

[1] On appeal of a challenge to the sufficiency of the evidence to support a conviction, appellate courts view the evidence in the light most favorable to the Commonwealth. *Alston v. Commonwealth*, 77 Va. App. 639, 644 (2023). However, in reviewing a trial court's ruling on a proposed jury instruction, the evidence is viewed in the light most favorable to the instruction's proponent, in this case the appellant. *Pena Pinedo v. Commonwealth*, 300 Va. 116, 118 (2021). Accordingly, this opinion sets out all of the evidence relevant to the issues before the Court.

Regarding the injury, Shannon waited about fifteen minutes for her mother and was unable to stop the bleeding from the gash beside her eye. Emergency medical personnel arrived about "five or ten minutes" later. Shannon did not want to go to the emergency room. Emergency personnel gave her a cold compress to apply to her left eye, which stopped the bleeding. The next day, Shannon's eye and face hurt, and she had a headache.

Deputy Bailey Townsend of the Mecklenburg County Sheriff's Office arrived at the convenience store. He noticed Shannon was "very scared." She had "blood coming from her head near her eye," and it was "all over her shirt." Law enforcement could not find the appellant but saw that his vehicle was still outside the couple's home.

The Commonwealth charged the appellant with malicious wounding and assault and battery of a family member, third or subsequent offense. At trial, the Commonwealth presented testimony from Shannon, Easter, and Deputy Townsend. It also introduced photographs of Shannon's injuries as well as a photograph of her undamaged phone. The Commonwealth entered into evidence five certified records of the appellant's previous convictions for domestic assault and battery from 2007 to 2015. The last two convictions were for assault and battery against a family member, third or subsequent offense.

The appellant testified in his defense. He denied purposefully striking Shannon or intending to hurt her. According to the appellant, his phone stopped working while his wife was at work. As a result, he looked for a phone into which he could insert his SIM card.[2] He said that he found Shannon's old phone and turned it on to use it. The appellant explained that he did not "intentionally" search Shannon's phone but read the messages after they "came up." He testified that the messages showed that his wife was unfaithful.

_____

[2] SIM stands for "Subscriber Identity Module," and a SIM card allows a device to communicate with cellular data networks. *See, e.g.*, *United States v. Auernheimer*, 748 F.3d 525, 530 (3d Cir. 2014).

The appellant testified that he had "[n]o more than four" beers before his wife came home and denied drinking any whiskey that day. He said he did not immediately confront Shannon about the messages and instead had sex with her. In the appellant's account of the incident, after they had sex, he talked to Shannon from the adjoining bedroom about the messages before he "walk[ed] into the bathroom to where she [wa]s so she c[ould] see that [he] ha[d] the phone with the messages in [his] hand."

The appellant described her old phone, adding that it was not the phone depicted in the Commonwealth's photographic exhibit. He said that the phone he used had a "cracked" screen with "jagged edges." According to the appellant, as he held the phone near Shannon's face to show her the messages, she "tilt[ed] her head," and the "jagged screen" "nick[ed]" her as she brushed against it.

The appellant testified he immediately assured his wife that the contact was accidental. He also stated he saw her briefly after she left their home. He went to the convenience store to buy a "Black and Mild" and saw Easter there. The appellant claimed that he did not know Shannon was there and did not see her again that day.

After the close of the Commonwealth's case-in-chief and again after the close of all the evidence, the appellant made a motion to strike. The court denied the motions.

Consistent with the agreement of counsel, the trial court instructed the jury on unlawful wounding as a lesser-included offense of malicious wounding. The court explained to the jury, in relevant part, "[i]f you find from the evidence . . . that the act was done unlawfully and not maliciously, then you shall find the defendant guilty of unlawful wounding."[3] The jury was instructed to find the appellant not guilty if the Commonwealth failed to prove either malicious or

---

[3] Further, the court defined malice to the jury as "the state of mind which results from the intentional doing of a wrongful act to another without legal excuse or justification at a time when the mind of the actor was under the control of reason."

unlawful wounding. The court did not instruct the jury on assault and battery as a lesser-included offense of malicious wounding, despite the appellant's request to do so. It did, however, inform the jury of the elements of assault and battery of a family member.

The jury returned guilty verdicts on the lesser-included offense of the unlawful wounding of Shannon and the felony assault and battery of a family member, third or subsequent offense. The appellant was sentenced to five years of incarceration for the unlawful wounding conviction, with all time suspended. For the conviction of assault and battery of a family member as a third or subsequent offense, the trial court imposed five years of incarceration and suspended one year.

ANALYSIS

I. Jury Instruction

"When reviewing a trial court's refusal to give a proffered jury instruction," the appellate court "view[s] the evidence in the light most favorable" to the instruction's proponent, in this case the appellant. *Pena Pinedo v. Commonwealth*, 300 Va. 116, 118 (2021) (quoting *Commonwealth v. Vaughn*, 263 Va. 31, 33 (2002)). Whether to grant or deny a proffered instruction is reviewed on appeal for an abuse of discretion. *Commonwealth v. Richard*, 300 Va. 382, 389 (2021). Underpinning this review is a "bell-shaped curve of reasonability," which "rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Commonwealth v. Barney*, 302 Va. 84, 94 (2023) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." *Warren v. Commonwealth*, 76 Va. App. 788, 799 (2023) (quoting *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013)), *aff'd mem.*, 303 Va. 60 (2024).

"In reviewing jury instructions," the appellate court's "responsibility is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Ducharme v. Commonwealth*, 70 Va. App. 668, 674 (2019) (quoting *Darnell v. Commonwealth*, 6

Va. App. 485, 488 (1988)). Here, the appellant was indicted for malicious wounding for hitting his wife with a phone. The trial court instructed the jury on unlawful wounding as a lesser-included offense but denied the appellant's request to instruct the jury on assault and battery as an additional lesser-included offense. The appellant posits that the trial court erred by refusing this additional lesser-included-offense instruction. We disagree under the circumstances of this case.

Unlawful wounding and assault and battery are lesser-included offenses of malicious wounding. *See Vaughn*, 263 Va. at 35. Malicious wounding requires malice, while unlawful wounding does not. *See* Code § 18.2-51. Both malicious wounding and unlawful wounding entail the specific intent to "maim, disfigure, disable, or kill" another person. Code § 18.2-51; *accord Vaughn,* 263 Va. at 35. In contrast, assault and battery requires only the intent "to do bodily harm." *See, e.g.*, *Boone v. Commonwealth*, 14 Va. App. 130, 133 (1992) (quoting *Davis v. Commonwealth*, 150 Va. 611, 617 (1928)).

The Supreme Court of Virginia has "rejected the concept that a jury instruction on [a] lesser-included offense must always be given." *Vaughn*, 263 Va. at 35. "[N]o instruction should be given that '. . . would be confusing or misleading to the jury.'" *Bryant v. Commonwealth*, 67 Va. App. 569, 582 (2017) (quoting *Mouberry v. Commonwealth*, 39 Va. App. 576, 582 (2003)), *aff'd*, 295 Va. 302 (2018). Appellate review "rel[ies] heavily on the instincts of trial judges on where to draw th[e] line" striking a balance between confusing, "verbos[e]" instructions and those that may be incomplete. *See Kennemore v. Commonwealth*, 50 Va. App. 703, 712 (2007). The "trial court has the discretion to give tailored instructions to focus a jury on specific contested issues." *Barney*, 302 Va. at 93.

Here, the trial court recognized the "unique situation" regarding the appropriate jury instructions because the appellant also faced the charge of assault and battery of a family member for the same incident. Defense counsel acknowledged that if the jury found the appellant guilty of

both assault and battery of a family member and assault and battery as a lesser-included offense of malicious wounding, he would ask for the second conviction to be set aside.[4] In this context, the court opined that instructing the jury on assault and battery as a lesser-included offense of the charge of malicious wounding would be "superfluous." The court chose to use the Commonwealth's proposed instruction, clarifying that the jury could find the appellant "not guilty of both unlawful and malicious [wounding] and still find him guilty of assault and battery."

In light of the contours of this case, we hold the trial court appropriately refused to instruct the jury on assault and battery as a lesser-included offense of malicious wounding because such an instruction would have been both confusing and misleading. The jury was instructed on the elements of assault and battery for the separate charge of assault and battery of a family member, third or subsequent offense. *See SuperValu, Inc. v. Johnson*, 276 Va. 356, 366 (2008) (providing that appellate courts "read [jury] instructions together and consider them as a whole"). It was also instructed on simple assault and battery as a lesser-included offense of that charge. The jury could easily have been confused by overlapping instructions. *See generally Conley v. Commonwealth*, 74 Va. App. 658, 679 (2022) ("To provide an additional instruction . . . that is 'inapplicable to the facts in evidence' would only serve to 'confuse or distract the jury.'" (quoting *Morse v. Commonwealth*, 17 Va. App. 627, 633 (1994))). Also, giving the instruction could have misled the jury by implying that the appellant could be sentenced for both simple assault and battery *and* assault and battery of a family member, third or subsequent

---

[4] On appeal, Coleman notes that a second factual basis for a possible assault-and-battery conviction occurred when the appellant grabbed Shannon after she fled the house. At trial, however, this possibility was never argued. The Commonwealth never suggested that this act provided an alternative theory of the case, relying solely on the blow to the victim's face as the basis for the charges. Nor did Coleman raise the second touching as a basis for the offense when requesting the lesser-included jury instruction for assault and battery. When the trial court noted the other assault and battery charge during the jury-instruction discussion, defense counsel simply said, "Ultimately, I think it's probably six of one, a half dozen of the other."

offense, for striking Shannon in the face, despite an obvious double jeopardy problem. *See generally Sandoval v. Commonwealth*, 64 Va. App. 398, 413 (2015) (explaining that the constitutional protection against double jeopardy applies to lesser-included offenses arising from the same act).

The jury was correctly instructed on the elements of malicious and unlawful wounding. In finding the appellant guilty of unlawful wounding, it necessarily found the evidence was sufficient to prove the appellant caused Shannon's injury with the requisite intent to maim, disfigure, or disable her. The court appropriately instructed the jury on the law of assault and battery of a family member, third or subsequent offense, and the jury found the appellant guilty of that offense too. The jury had the full "opportunity to assess the evidence as it related to assault and battery."[5] *Cf. Boone*, 14 Va. App. at 133 (holding that refusing an assault-and-battery instruction impermissibly denied the jury that opportunity).

On this record, the trial court gave the jury instructions that clearly stated the law as it applied to this case. The rejected instruction on assault and battery as a lesser-included offense of malicious wounding would have been both confusing and misleading. Therefore, the court did not abuse its discretion in declining to give the proffered instruction.

## II. Sufficiency of the Evidence

In reviewing the sufficiency of the evidence to support a conviction, this Court affirms unless the trial court was "plainly wrong or" the conviction lacked "evidence to support it." *See*

---

[5] The Commonwealth contends that any error in refusing to instruct on assault and battery as a lesser-included offense of malicious wounding was harmless error. It reasons that because the jury was correctly instructed on assault and battery of a family member, the appellant cannot show any "impact . . . on the outcome of the proceedings." In light of our holding that the trial court acted within its discretion by rejecting the lesser-included offense instruction, we do not address whether the alleged error was harmless. *See generally Blackman v. Commonwealth*, 45 Va. App. 633, 639 n.1 (2005) (noting that the affirmance of the appeal on the merits rendered analysis of the Commonwealth's harmless-error argument unnecessary).

*Commonwealth v. Garrick*, 303 Va. 176, 182 (2024) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). When conducting this review, the "appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Barney*, 302 Va. at 97 (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). In the end, "[t]he only 'relevant question is . . . whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Garrick*, 303 Va. at 182 (alterations in original) (quoting *Barney*, 302 Va. at 97).

Additional well-established legal principles apply in a sufficiency review. It is the function of the trier of fact to determine the credibility of the witnesses and the weight afforded to the testimony of those witnesses. *Clark v. Commonwealth*, 78 Va. App. 726, 753 (2023). Further, an appellate court "does not distinguish between direct and circumstantial evidence" because the trier of fact "'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "[W]hen the evidence is wholly circumstantial[,] . . . all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Haas v. Commonwealth*, 299 Va. 465, 468 (2021) (third alteration in original) (quoting *Rogers v. Commonwealth*, 242 Va. 307, 317 (1991)). But "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on [this Court] unless plainly wrong." *Clark*, 78 Va. App. at 752 (second alteration in original) (quoting *Maust v. Commonwealth*, 77 Va. App. 687, 700 (2023) (en banc)).

Against this legal backdrop, we consider the appellant's challenges to the sufficiency of the evidence to support his convictions.

## A. Unlawful Wounding

Unlawful wounding is proscribed by Code § 18.2-51 and requires "the intent to maim, disfigure, disable, or kill." "To be guilty under" this statute, "a person must intend to permanently, not merely temporarily, harm another person." *Johnson v. Commonwealth*, 53 Va. App. 79, 101 (2008). The appellant argues that the evidence was insufficient to prove that he acted with the requisite intent when he struck Shannon with the phone.

"Intent is the purpose formed in a person's mind which may, *and often must*, be inferred from the facts and circumstances in a particular case." *Commonwealth v. Perkins*, 295 Va. 323, 330 (2018) (per curiam) (quoting *Burton v. Commonwealth*, 281 Va. 622, 626-27 (2011) (emphasis added)). "[I]t is permissible for the fact finder to infer that every person intends the natural, probable consequences of his . . . actions." *Id.* (quoting *Ellis v. Commonwealth*, 281 Va. 499, 507 (2011)). Of course, "[t]he state of mind of an alleged offender may be shown by his acts and conduct," and, accordingly, it is proper for the fact finder "to consider not only the method by which [the] victim [wa]s wounded[] but also the circumstances under which that injury was inflicted in determining whether there [wa]s sufficient evidence to prove an intent to maim, disfigure, disable[,] or kill." *Id.* (first quoting *Burton*, 281 Va. at 627; and then quoting *Burkeen v. Commonwealth*, 286 Va. 255, 260-61 (2013)). And a blow of "sufficient brutality" supports an inference of intent to "permanent[ly] harm." *Johnson*, 53 Va. App. at 101.

The factors cited by the appellant—a "single blow, no obvious weapon, no intervention from others" ending the attack, and no statements from him evincing the requisite intent—were circumstances for the jury to consider. But they were merely that—factors to consider. The cases analyzing the requisite intent under Code § 18.2-51 do not establish bright-line rules but instead

make clear that intent is a finding of fact to be determined in light of the circumstances in each case. *See, e.g.*, *Perkins*, 295 Va. at 331-32; *Burkeen*, 286 Va. at 260-61; *Johnson*, 53 Va. App. at 103-04.

As the fact finder, the jury was responsible for "weigh[ing] the evidence" and "draw[ing] reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). Based on the testimony and the physical evidence, the jury reasonably inferred that the appellant's conduct and the circumstances of the offense demonstrated the requisite intent for the unlawful wounding conviction. The appellant barged into the bathroom and stood over Shannon as she sat on the toilet—a particularly vulnerable position. *See Johnson*, 53 Va. App. at 103-04 ("An unsuspecting victim . . . is 'defen[s]eless,' making h[er] more likely to suffer serious wounds than someone having the opportunity to prepare for an attack." (quoting *M'Whirt's Case*, 44 Va. (3 Gratt.) 594, 611 (1846))). There was no direct provocation—the couple had just engaged in sexual intercourse. *See id.* at 104 ("The lack of provocation is significant evidence of an intent to seriously harm."). The appellant struck Shannon in a particularly sensitive place, by her eye, with a mobile phone, leaving a gash near her eye that bled for about twenty minutes. Immediately after hitting her, he punched a hole in the bathroom door. When she escaped the house through the back door, the appellant followed her, grabbed her, and released her only when she told him she was calling her mother, not the police.

"We hold that, under the circumstances, there was sufficient evidence of violence and brutality" for the jury to reasonably find that the appellant acted with the intent to maim, disfigure, or disable Shannon. *See Burkeen*, 286 Va. at 261.

### B. Assault and Battery of a Family Member

An assault occurs when a person is placed in "reasonable apprehension of bodily harm," while a battery is "'a "wil[l]ful or unlawful touching" of another.'" *Kelley v. Commonwealth*, 69

Va. App. 617, 625 (2019) (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010) (alteration in original)). "The law is clear that '[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Id.* at 628 (first alteration in original) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 469 (2000) (second alteration in original)). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Id.* at 628-29 (quoting *Parish*, 56 Va. App. at 332).

The appellant argues that the evidence was insufficient to prove assault and battery of a family member, third or subsequent offense, because the Commonwealth failed to prove that he acted with the necessary intent. The crux of the appellant's argument is that Shannon's testimony was inherently incredible. He reasons that the physical evidence supports his hypothesis of innocence that he accidentally scratched her face with a broken phone screen.

The inherently incredible standard on appeal is a high hurdle. "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). Further, it is well established that "determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are [also] matters left to the trier of fact, who has the ability to hear and see them as they testify." *Raspberry*, 71 Va. App. at 29 (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). The fact finder "is free to believe or disbelieve, in whole or in part, the testimony of any witness." *Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019). Also, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018).

And its conclusions about witness credibility "will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).

The jury accepted Shannon's testimony as credible. Its conclusion may not be overturned on appeal because her testimony was not, as a matter of law, "inherently incredible[] or so contrary to human experience as to render it unworthy of belief." *See Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). *See generally Juniper*, 271 Va. at 417 (defining "incredible").

Viewing the evidence in the light most favorable to the Commonwealth, the appellant's actions qualified as rude, insolent, or angry. After the couple had sex, Shannon went into the bathroom and was sitting on the toilet when the appellant entered the room through a closed door. He stood over her and held a cellular telephone directly in front of her face as he accused her of infidelity. The appellant struck her in the face just beside her eye, leaving a gash that bled profusely. He then stormed out of the bathroom after striking the door with enough force to leave a fourteen-square-inch hole in it. He followed her out of the home and confronted her as she escaped to the nearby convenience store, letting her go only after she said she would not call the police. The appellant went to the convenience store and spoke to his mother-in-law without showing any concern for Shannon's welfare. Instead, he purchased a "Black and Mild" and did not return home. *See Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991) ("[I]t is today universally conceded that the fact of an accused's flight . . . and related conduct[] are admissible as evidence of consciousness of guilt, and thus of guilt itself." (quoting *United States v. Ballard*, 423 F.2d 127, 133 (5th Cir. 1970))).

These facts support the jury's entirely reasonable rejection of the appellant's hypothesis of innocence. *See Ervin v. Commonwealth*, 57 Va. App. 495, 519-21 (2011) (en banc) (holding that a fact finder may properly reject a defendant's hypothesis of innocence). We hold that the trial

court appropriately denied the appellant's motion to strike the charge of assault and battery of a family member, third or subsequent offense.

## CONCLUSION

The trial court did not abuse its discretion in refusing to instruct the jury on assault and battery as a lesser-included offense of malicious wounding. Further, the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient to prove both that the appellant intended to permanently maim, disfigure, or disable Shannon and that the touching was rude, insolent, or angry. Therefore, we affirm the convictions.

*Affirmed.*