**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4357**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL A. NOLAN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick Charles Young, District Judge.  (3:24-cr-00179-RCY-1)

_____

Submitted:  June 1, 2026                    Decided:  June 23, 2026

_____

Before BENJAMIN, Circuit Judge, and TRAXLER and FLOYD, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Lindsey Halligan, United States Attorney, Todd W. Blanche, Deputy Attorney General, Robert K. McBride, First Assistant United States Attorney, James Reed Sawyers, Assistant United States Attorney, Patrick Joseph McGorman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Nolan pled guilty without a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Nolan to 63 months in prison.  On appeal, Nolan raises constitutional challenges to his firearms conviction, and he also challenges the procedural reasonableness of his sentence.  Finding no error, we affirm.

Nolan first asserts that his conviction violates the Second Amendment and that § 922(g)(1) exceeds Congress' power under the Commerce Clause.  However, Nolan rightfully concedes that his constitutional challenges are foreclosed by circuit precedent.  *See United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances" (internal quotation marks omitted)); *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (reaffirming this court's "precedent foreclosing as-applied challenges to Section 922(g)(1)"), *cert. denied*, 145 S. Ct. 2756 (2025); *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996) (holding that "[t]he existence of th[e] jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g), . . . satisfies the minimal nexus required for the Commerce Clause").  We therefore reject Nolan's challenges to his § 922(g)(1) conviction.

Regarding Nolan's sentence, we review the district court's sentencing decision for an abuse of discretion, which is limited to determining whether the sentence is reasonable.  *See United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020); *Gall v. United States*, 552

2

U.S. 38, 51 (2007). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *Nance*, 957 F.3d at 212.

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this [c]ourt reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

Nolan asserts that the district court misapplied Virginia law when it found that his offense level should be increased four levels under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (2024), based on his possession of the firearm in connection with another felony offense, to wit: shooting at an occupied dwelling, in violation of Va. Code Ann. § 18.2-279. Section 18.2-279 provides, in relevant part, that

> If any person maliciously discharges a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons, or maliciously shoots at, or maliciously throws any missile at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending is guilty of a Class 4 felony.

Va. Code Ann. § 18.2-279.

3

The Supreme Court of Virginia has held that § 18.2-279 constitutes a "legislative declaration that human lives may be endangered when a deadly weapon is maliciously discharged at or against a building occupied by people." *Dowdy v. Commonwealth*, 255 S.E.2d 506, 508 (Va. 1979). According to Virginia's highest court, that "legislative determination" in turn "relieves the Commonwealth of the burden of proving that human life was, in fact, endangered." *Id.* As the Virginia Supreme Court further explained years later, "[a]ll the Commonwealth [i]s required to show [i]s that the discharge of the firearm *may have* put [an occupant's] life in peril." *Kirby v. Commonwealth*, 570 S.E.2d 832, 835 (Va. 2002) (emphasis added); *see also Edelstein v. Commonwealth*, 910 S.E.2d 511, 518 (Va. Ct. App. 2025) (holding that "*the mere possibility* of ricocheting bullets supported the jury's finding that Edelstein's discharge of his firearm within the confined area of the bedroom and near [an occupant] could have placed her life in peril" (emphasis added)). Since the Virginia Supreme Court's holding—that, to establish a violation of § 18.2-279, the Commonwealth need not prove "that human life was, in fact, endangered," *Dowdy*, 255 S.E.2d at 508—remains good law, we conclude that the district court did not erroneously apply that standard in this case.

Nolan nonetheless also asserts that, even if the district court applied the correct legal standard in evaluating whether his conduct on the day of his arrest constituted a violation of § 18.2-279, the court clearly erred in determining that the conduct could have endangered the lives of any occupants. We have reviewed the evidence pertaining to Nolan's use of a firearm on the date of his arrest and conclude that the district court did not clearly err in finding that Nolan's conduct, at a minimum, "could" or "may have" "put in

4

peril" the occupants of the apartment complex.  *See Edelstein*, 910 S.E.2d at 517-18.  We therefore reject Nolan's challenge to the legality of the imposed 63-month sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*